UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD J. HOLLAND, JR., )
)
PLAINTIFF, )   CASE NO.:
)
V. )
)
UNITED STATES OF AMERICA, )
)
DEFENDANT. )

## MEMORANDUM OF LAW IN SUPPORT OF THE FOREGOING PETITION

This Memorandum of Law is attached to the Petition to facilitate processing of the case by the government. It addresses the levy law under the Internal Revenue Code as it relates to social security payments.

### Two Types of Levies in §6331

Ten days after demand and nonpayment of taxes, the IRS may levy on all property belonging to the delinquent taxpayer.[1] 26 U.S.C. §6331 provides for two different types of levy. One type covers "property possessed and obligations existing at the time thereof."[2] That first type of levy does not apply to after

---

[1] 26 U.S.C. §6331(a) all code references herein are to title 26.
[2] §6331(b)

1

acquired property. Treas. Reg. § 301.6331-1(a). After acquired property requires successive seizures. §6331(c).

A second type of levy is a continuous levy, such as one on wages. A continuous levy covers after acquired property and lasts until it is released.[3] Sometimes, non-continuous levies will cover after funds paid in the future as long as the obligation to pay is "fixed and determinable" under Treas. Reg. §301.6331-1(a) at the time of the notice of levy and that type of levy is referred to here as a "stretch levy" because it stretches out over time indefinitely.

## The Social Security Issue

Prior to 1997, continuous levies only applied to wages and salary.[4] A small part of wages was and is exempted from the continuous wage levy.[5] The Balanced Budget Act of 1997 amended §6331 to included §6331(h) which added continuous levies for pensions and certain government payments that were not subject to means testing, such as social security payments. Continuous levies on a new group of incomes were limited to 15% of the payment.[6] The Committee on the Budget Report explained:

Present and Prior Law

---

[3] §6331(e)
[4] 6331(e)
[5] §6334(d)
[6] §6331(h)(2)(A)

If any person is liable for any internal revenue tax and does not pay it within 10 days after notice and demand by the IRS, the IRS may then collect the tax by levy upon all property and rights to property belonging to the person, unless there is an explicit statutory restriction on doing so. A levy is the seizure of the person's property or rights to property. Property that is not cash is sold pursuant to statutory requirements. In general, a levy does not apply to property acquired after the date of the levy, regardless of whether the property is held by the taxpayer or by a third party (such as a bank) on behalf of a taxpayer. Successive seizures may be necessary if the initial seizure is insufficient to satisfy the liability. The only exception to this rule is for salary and wages. A levy on salary and wages is continuous from the date it is first made until the date it is fully paid or becomes unenforceable. A minimum exemption is provided for salary and wages. It is computed on a weekly basis by adding the value of the standard deduction plus the aggregate value of personal exemptions to which the taxpayer is entitled, divided by 52. For a family of four for taxable year 1996, the weekly minimum exemption is $325.

## Explanation of Provision

The Act amends the Code to provide that a continuous levy is also applicable to non-means tested recurring Federal payments. This is defined as a Federal payment for which eligibility is not based on the income and/or assets of a payee. For example, Social Security payments, which are subject to levy under present law, would become

3

>subject to continuous levy. In addition, the Act provides that this levy would attach up to 15 percent of any specified payment due the taxpayer.[7]

After §6331(h) was enacted, four federal district court cases and one Seventh Circuit case have held that §6331(h) does not limit a continuous levy on social security to 15%.[8] Those cases have adopted the viewpoint expressed in *Hines v. United States*, 658 F. Supp. 2d 139 (D.D.C. 2009) *appeal dismissed for mootness, Hines v. United States*, No. 08-5459, 2009 WL 5252626 (D.C. Cir. Nov. 9, 2009). None of the cases listed in footnote 8 discussed the social security statute. The Seventh Circuit in *Bowers, supra* (at n. *8*) did not address the legal issue at all, but relied on the district court cases to say that an injunction should be denied because success was not "certain"(at 627 ).The Sixth Circuit has not addressed the issue.

The ruling in *Hines* was that social security payments over a lifetime are one big obligation paid in monthly installments and those payments can be covered by one notice of levy for the lifetime of a delinquent taxpayer. The *Hines* court reached that result by finding that social security payments are "fixed and

---

[7] 1997-3 C.B. pp. 218-219
[8] *Hines v. United States*, 658 F. Supp. 2d 139, 146–47 (D.D.C. 2009); *Beam v. United States*, No. 07-6035-TC, 2007 WL 1674083, at *1 (D. Or. June 6, 2007); *Bowers v. United States*, 498 F. App'x 623, 627 (7th Cir. 2012); *Duran v. IRS*,No. 12-2650 No. CV-F-09-345OWW/DLB, 2009 WL 700518, at *4 (E.D. Cal. Mar. 16, 2009)*Clift v. United States Internal Revenue Serv.*, No. C16-5116 BHS, 2017 WL 517123 (W.D. Wash. Feb. 8, 2017)

4

determinable" as that phrase is employed in Treas. Reg. §301.6331-1(a). Under that regulation, "Obligations exist when the liability of the obligor is fixed and determinable, although the right to receive payment thereof may be deferred until a future date." An obligation which is fixed and determinable at the time of the levy is subject to the levy even if payment is made many years later, like after a lawsuit is resolved.

## Fixed and Determinable

The term "fixed" in Treas. Reg. §301.6331-1(a) is frequently mentioned in the law, but a definition is not provided. It is defined by facts in holdings that, arguably, contradict one another. A "fixed obligation" can be analogized to a chose in action. An obligation is fixed if the delinquent taxpayer could have successfully maintained a suit to collect on it. An example would be if a delinquent taxpayer sued someone and the IRS served he defendant with a notice of levy. At the end of the lawsuit, the defendant would be obligated to pay the IRS and not the delinquent taxpayer.

But, even if an obligation is ultimately paid to a delinquent taxpayer, if the obligation did not exist at the time of the notice of levy, then a defendant in a lawsuit is not obligated to honor the levy. In one case, an attorney owed taxes and had sued his client Morey for fees. After the IRS learned about the lawsuit, it served Morey with a notice of levy in June of 1987. Morey did not honor the levy

5

and paid the lawsuit settlement to the deceased attorney's estate in August of 1989. The government sued Morey for failing to honor the levy and lost. Morey had claimed that, at the time of the levy, he was not in possession of property or obligated to the attorney. Morey had alleged in the lawsuit a lack of consideration, a failure of performance, mutual mistake of fact, unconscionability and rescission. *United States v. Morey*, 821 F. Supp. 1438 (W.D. Okla. 1993).

The issue in the *Morey* case was "whether, at the time the levy was served on Morey, Morey was obligated [to the attorney] with respect to property or rights to property subject to the levy." The court held that the "[attorney's] rights were not vested on the date of the levy" and because of that, the levy did not attach to the future payment:

> The court holds that the [attorney] taxpayer held a chose in action to which, upon levy, the IRS succeeded. Any obligation arising thereunder was not vested, or fixed and determinable on the date of levy. Therefore, defendant Morey was not "in possession of (or obligated with respect to) property or rights to property," 26 U.S.C.A. § 6332(a) (West 1989 & Supp.1992), on the date of levy. His subsequent nonsurrender did not violate the statute. *United States v. Morey*, 821 F. Supp. 1438, 1442 (W.D. Okla. 1993).

An explanation of the meaning of the word "fixed" appeared in a footnote of a case where a levy was sent to the person for whom the taxpayer had performed sandblasting services:

6

> Treasury Regulation (C.F.R.) Section 301.6331–1(a)(1) states that an obligation exists only if the liability of the obligor is fixed and determinable. It is the liability which must be fixed and determinable, not the amount of the liability. As long as the events which gave rise to the obligation have occurred and the amount of the obligation is capable of being determined in the future, the obligation is fixed and determinable. It is not necessary that the amount of the obligation be beyond dispute. *Reiling v. United States,* No. L 76-19, 1977 WL 1244 (N.D. Ind. Aug. 24, 1977), *United States v. Antonio*, No. CIV. 86-1053 ACK, 1991 WL 253021, n2 at *11 (D. Haw. Sept. 24, 1991).

A contract obligation to pay money is "fixed" when performance by the taxpayer has occurred.[9] Sometimes, the question is, how much performance is necessary? In the *Tull* case,[10] the Ninth Circuit reversed a decision that held a levy on auction proceeds was valid even though the levy was made before the auction had occurred. The issue over the levy was whether performance had occurred before the auction upon which a suit could be maintained.

At the time the notice of levy in *Tull* was served, the auction contract was open ended as to what was to be sold. The lower court held that there was partial performance of the auction contract (advertising the auction and cleaning the

---

[9] *United States v. Hemmen*, 51 F.3d 883, 890 (9th Cir. 1995)
[10] *Tull v. U.S.*, 69 F3d 394 (9th Cir. 1995) *rvsng* 848 FSupp1466 (USDC ED CA (1994)

7

equipment to get it ready for sale) which was sufficient to make the contract enforceable. The Ninth Circuit reversed saying that the obligation "to sell some as yet undetermined amount of property for an as yet undetermined price to as yet undetermined buyers" was not fixed and determinable.

Some courts have interpreted "fixed' to mean vested. In *Hawn*[11], the taxpayer (Hawn) had assigned his mineral rights to the bank as security for a loan. The IRS served the bank with a levy in in 1987. At the time of receiving the notice of levy, the bank had no funds belonging to Hawn. Three years later, the bank had received funds over and above the amount of the loan. The bank paid the surplus of $131,679.00 out to a group that included Hawn's ex-wife, a creditor of Hawn, some of Hawn's expenses, and Hawn. The IRS sued the bank for the money. The *Hawn* court found that the bank was not liable for failing to honor the levy:

> The right to receive revenues that might be generated from future production from Hawn's property was not a vested, fixed or determinable right to future income existing at the time of the levy. Rather, that income stream represented a purely contingent right to receive certain income in the future. That right was contingent, among other things, on (1) whether minerals were produced, (2) the amount of such production, (3) whether and when the minerals were sold, (4) the sale

---

[11] *In Re John Mill Hawn*, 149 BR 450 (Bankr. S.D. Tex. 1993), *aff'd in part sub nom. Hawn v. Am. Nat. Bank.*, No. CIV. A. C-93-102, 1996 WL 142521 (S.D. Tex. Jan. 23, 1996)

8

> price for the minerals, and (5) the expenses incurred in generating such production. Since the right to receive future income from production and sale of oil thus was a contingent, non-vested and non-determinable right, the IRS levy could not reach it. *In re Hawn*, 149 B.R. 450, 457 (Bankr. S.D. Tex. 1993), aff'd in part sub nom. Hawn v. Am. Nat. Bank., No. CIV. A. C-93-102, 1996 WL 142521 (S.D. Tex. Jan. 23, 1996).

In *Hawn*, payment of the mineral royalties were subject numerous variables affected the amount and timing of mineral royalties and those variables prevented the royalties from being vested at the time of the notice of levy.

With the above background, we can turn to the question of the effect of a levy on Social Security payments.

### Are Social Security Payments Vested?

The *Hines* case was the first case to hold that social security payments are fixed and determinable. The *Hines* court said this about that:

> The United States argues that because the IRS levied plaintiff's Social Security benefit payments, to which plaintiff had an existing right at the time the levy attached, the levy was appropriate under Section 6331(a), irrespective of the limitations of Section 6331(h). Plaintiff's right to receive periodic payments for his Social Security retirement benefits was a vested interest. See 42 U.S.C. § 402(a); Schmiedigen v. Celebrezze, 245 F.Supp. 825, 827 (D.D.C.1965). The amount of benefits are calculable—they are based on

9

> earnings averaged over plaintiff's lifetime and determinable based upon a complex formula. See 42 U.S.C. §§ 402 et seq. The Social Security Administration's ongoing payment of a specific amount of retirement benefits to plaintiff every month therefore was an "obligation[ ] existing at the time" the levies attached under 26 U.S.C. § 6331(b). The levy appropriately could have been issued under Section 6331(a), and therefore was not limited by the fifteen percent cap. *Hines v. United States*, 658 F. Supp. 2d 139, 146 (D.D.C. 2009).

The *Schmiedigen* reference above is to language that a person who has contributed part of his salary to social security has "a vested right to the payments prescribed by the statutory scheme."

Under 42 U.S.C. §402 (a), payments of Social Security are subject to two conditions precedent: (1) the recipient must have applied for benefits (§402(a)(3));[12] and (2) the recipient must live the full month of the month preceding payment. Under §402(a) a person "shall be entitled to an old-age insurance benefit for each month, beginning with" the first month after a fully insured individual who has attained age 62 and has filed application for benefits "and ending with the month preceding the month in which he dies."

Social Security is not one big obligation paid in monthly installments. It is a series of distinct separate payments each of which is contingent upon the recipient

---

[12] *Coy v. Folsom*, 228 F 2d. 276, 278-279 (3rd Cir. 1955)

10

surviving the preceding month. Successive payments are after acquired property that cannot be the subject to a notice of levy before the obligation to pay social security becomes fixed as a result of a senior citizen surviving the preceding month. A person receiving social security has no present right to payments beyond the current month in which he or she is alive. He or she cannot maintain an action to collect beyond the current month and the United States Social Security Administration has no obligation to pay social security beyond the current month.

A levy under 6331(a) should not attach to any social security payments beyond the current month. There should be no stretch levy on social security payments. This interpretation is consistent with the purpose of a 15% limitation under §6331(h) and should be preferred over a more callous interpretation of the levy laws that can leave a senior citizen continuously penniless.

Dated: December 4, 2017          Respectfully Submitted,

/s/ Neal Nusholtz
Neal Nusholtz P-30223
Counsel for Edward Holland, Jr.
2855 Coolidge Hwy. Ste. 103
Troy, Michigan 48084
Ph. 248-646-0123
Fax: 248-530-9801
Nusholtz@nnlaw.net