IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EDWARD J. HOLLAND, JR., ) | |
| ) | Case No. 2:17-cv-13926 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

The defendant United States of America moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the above-captioned lawsuit for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. The grounds for this motion are stated in the following memorandum of law.

WHEREFORE, the defendant United States of America moves to dismiss this action.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6064 (v)
202-514-5238 (f)
Edward.J.Murphy@usdoj.gov

MEMORANDUM IN SUPPORT

The defendant United States of America has moved to dismiss this mandamus action filed by plaintiff Edward J. Holland, Jr. ("Holland"). The United States' primary position is that the Court lacks subject-matter jurisdiction because the relief sought in Holland's petition (Doc. No. 1) is barred by the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a), and that dismissal is therefore appropriate under Fed. R. Civ. P. 12(b)(1). Alternatively, if the Court does not view the issues raised by this motion as implicating its subject-matter jurisdiction, then the United States seeks dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**I.  Background**

Holland owes nearly $20 million in federal income tax liabilities, as he has admitted in another lawsuit currently pending in this district. *See* Doc. No. 318-1 in *United States v. Holland, et al.*, Case No. 2:13-cv-10082 (copy attached as Exhibit 1). Upon assessment of his tax liabilities, federal tax liens arose by operation of law and attached to all of his "property and rights to property." 26 U.S.C. §§ 6321, 6322. The IRS is authorized to collect via levy all such "property and rights to property" of Holland in existence on the levy date, including his right to receive future social security benefits. 26 U.S.C. § 6331(a). As an alternative to a one-time levy under § 6331(a), the IRS may elect to issue a continuous levy on salary and wages, even though the taxpayer's right to such payments is not fixed and determinable as of the levy date, under the authority of § 6331(e), but the amount of such a continuous levy is limited to 15 percent of the specified payments. *See* § 6331(h).

In an attempt to collect Holland's tax debts, the IRS issued a levy, pursuant to § 6331(a), to the Social Security Administration (SSA) in 2012. *See* Complaint ¶ 4 (alleging that the IRS

levy "appears to have been sent to the Social Security Administration in 2012").[1] The IRS began receiving levy payments from the SSA in March 2012, and the IRS has applied the full value of plaintiff's monthly social security benefits toward his tax debts from that time through the present. Holland repeatedly mischaracterizes this one-time § 6331(a) levy as "continuous" (*Id*. ¶¶ 1, 4) and thus subject to the 15 percent limitation in § 6331(h), which he contends the government is violating. By filing the instant petition for writ of mandamus, plaintiff seeks to enjoin the United States to take only 15 percent of his social security benefits going forward. *Id*. (Prayer for Relief). He cites two bases of jurisdiction: 28 U.S.C. §§ 1346 and 1361. *Id*. ¶ 1.

## II. Law and Argument

### A. Dismissal Is Appropriate Regardless of Which Part of Rule 12(b) Applies

There is presently some uncertainty in the law regarding whether a motion to dismiss filed on behalf of the United States on sovereign immunity grounds is properly construed as a motion to dismiss for lack of subject-matter jurisdiction that comes within Rule 12(b)(1). *Compare Martin v. United States*, 654 F. App'x 235, 238 (7th Cir. 2016) (finding that district court "was mistaken to state that sovereign immunity deprived the court of jurisdiction" because "[s]overeign immunity is an affirmative defense, not a jurisdictional doctrine") *with Skidmore v. Access Group, Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) ("A claim of sovereign immunity challenges the court's subject matter jurisdiction and, as such, is properly raised under Federal Rule of Civil Procedure 12(b)(1)."). In *Morris v. United States*, 540 F. App'x 477 (6th Cir. 2013), a case involving both the government's sovereign immunity defense and the AIA, the

---

[1] Even though Section 207 of the Social Security Act (42 U.S.C. § 407) establishes the general rule that, "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process," social security benefits are still subject to IRS levies. *See* 26 U.S.C. § 6334(c) ("Notwithstanding any other law of the United States (*including section 207 of the Social Security Act*), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." (emphasis added)).

3

Sixth Circuit noted that, "courts have long treated both matters as jurisdictional and therefore unwaivable, in accordance with Supreme Court precedent." *Id.* at 479. "In recent years, however, there has been a growing debate about whether the term 'jurisdiction' as used in Supreme Court jurisprudence invariably refers to the concept in its technical, authority-to-decide sense." *Id*. Because the jurisdictional nature of the government's defenses had not been challenged by the plaintiff in *Morris*, the Sixth Circuit concluded that it would "continue to treat both the Tax Anti-Injunction Act and sovereign immunity as jurisdictional for the purpose of the present case and will reserve the question of whether they are truly so for a case in which the issue is squarely presented." *Id*. at 480.

Although the Sixth Circuit does not appear to have shed further light on this question since the *Morris* decision in 2013, the United States submits that under the long-standing law in the Sixth Circuit and this district, the instant motion to dismiss is grounded in Rule 12(b)(1) and implicates subject-matter jurisdiction. *See, e.g., Roberts v. United States*, 1984 WL 3101 (E.D. Mich. Aug. 8, 1984) ("this Court is without subject matter jurisdiction in this case because the United States has not waived its sovereign immunity"). However, if the Court disagrees, then the United States alternatively requests that the Court consider the same points elucidated below in reference to the applicable standard under Rule 12(b)(6) (failure to state a claim upon which relief can be granted), and dismiss this action. *See Hoogerheide v. I.R.S.*, 637 F.3d 634 (6th Cir. 2011) (affirming dismissal despite district court's error in construing plaintiff's failure to exhaust administrative remedies as jurisdictional); *Martin*, 654 F. App'x at 238 (noting that district court's "error" in dismissing on jurisdictional rather than non-jurisdictional grounds "does not affect the outcome of this case").

Which subsection of Rule 12(b) properly applies here should not affect the result because the analysis in this case should be equivalent. Motions to dismiss under Rule 12(b)(1) "generally

4

come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). The instant motion is a facial attack. "When reviewing a facial attack, a district court takes the allegations in the complaint as true" and merely assesses their legal sufficiency. *Gentek*, 491 F.3d at 330. This standard is comparable to that applied in reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, where the trial court also takes the factual allegations in the complaint as true, *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002), and solely considers whether the complaint has advanced a "viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). In this case, the plaintiff's legal theory is not viable due to the operation of the AIA. As a result, the analysis under Rules 12(b)(1) and 12(b)(6) would be essentially the same, and dismissal would be appropriate both due to lack of jurisdiction and failure to state a claim.

**B.     The AIA Bars the Requested Relief and Deprives the Court of Jurisdiction**

The AIA provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiff's effort to limit the IRS to collecting 15 percent of his social security benefits is, on its face, a "suit for the purpose of restraining the . . . collection of any tax" that cannot "be maintained in any court by any person." § 7421(a). It plainly falls within the scope of the AIA, which "has been interpreted broadly to encompass almost all premature interference with the assessment or collection of any federal tax." *RYO Mach. v. U.S. Dep't of Treas.*, 696 F.3d 467, 471 (6th Cir. 2012).

As a result, and unless some exception to the AIA applies, the Court lacks jurisdiction to enter the order that plaintiff desires. *See id.* at 470 (vacating preliminary injunction and remanding with instructions to dismiss because "the district court's exercise of jurisdiction was

5

barred by the Anti-Injunction Act"); *see also Hotze v. Burwell*, 784 F.3d 984, 996 (5th Cir. 2015) ("Federal courts lack subject-matter jurisdiction over suits to which the AIA applies."); *Morris v. United States*, 540 F. App'x 477, 479 (6th Cir. 2013) (recognizing that AIA is "jurisdictional"); *Shifman v. United States*, 103 F.3d (Table), 1996 WL 721787 at *1 (6th Cir. 1996) (where AIA applies "the district court is deprived of its jurisdiction and the suit must be dismissed."). For the same reason, the petition fails to state a claim upon which relief can be granted and thus could alternatively be dismissed pursuant to Rule 12(b)(6).

### C. The Statutory and Judicial Exceptions to the AIA Are Not Met

There are two kinds of exceptions to the AIA: statutory and judicial.

#### 1. Statutory Exceptions

The statutory exceptions to the AIA are listed in the text of the AIA itself, which states that it applies "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436" of the Internal Revenue Code (26 U.S.C.). None of these Code sections applies here, nor does plaintiff claim that any of them applies. *See* Complaint. Most notably, the wrongful-levy statute (26 U.S.C. § 7426(a)) does not apply because a wrongful-levy suit cannot be brought by "the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7421(a). Holland is both the plaintiff in this action and the person against whom the taxes were assessed that the IRS is collecting via the social security levy, therefore he cannot bring a wrongful-levy action.

#### 2. Judicial Exceptions

In addition to the inapplicable statutory exceptions, there are two judicial exceptions to the AIA. The first of these two judicial exceptions has two required elements, as the Supreme Court has explained: "an injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity

jurisdiction' otherwise exists, *i.e.*, The taxpayer shows that he would otherwise suffer irreparable injury." *Comm'r v. Shapiro*, 424 U.S. 614, 624 (1976) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974); *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir. 1982). More recently, the Supreme Court has identified a second exception by writing that, "Congress did not intend the [AIA] to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *South Carolina v. Regan*, 465 U.S. 367, 378 (1984). Neither of these judicial exceptions to the AIA is met here.

  a.  **The Government Could Prevail and Irreparable Injury Is Not Alleged**

As plaintiff acknowledges in his brief[2], all of the cases in which taxpayers have challenged whether the government can levy more than 15 percent of social security benefits have been decided in the government's favor. *See* Doc. 1-1 at 4; *Clift v. United States Internal Revenue Service*, CASE NO. C16-5116 BHS, 2017 WL 517123 at *2 (W.D. Wash. Feb. 8, 2017) ("26 U.S.C. § 6331(h) does not create a 15 percent limit on the levy of Social Security retirement benefits."); *Enax v. Comm'r*, No. 8:10-cv-2652-T-26TBM, 2011 WL 8150645 at *1 (M.D. Fla. Jan. 14, 2011) ("there is nothing unlawful about the IRS levying more than 15% of his social security benefit payments"); *Hines v. United States*, 658 F. Supp. 2d 139, 146 (D.D. C. 2009) ("The levy appropriately could have been issued under Section 6331(a), and therefore was not limited by the fifteen percent cap."); *Beam v. U.S. Government*, No. 07-6035-TC, 2007 WL

---

[2] There does not appear to be any provision in the local rules that permits the filing of a memorandum of law, like the one that plaintiff filed (Doc. No. 1-1), in support of a Complaint. Rather, plaintiff's brief appears to be a preemptive strike against this motion to dismiss that plaintiff presumably knew was inevitably forthcoming. The Court might consider striking plaintiff's brief because it seeks the unfair advantage of two opposition briefs (one preemptive and one after the motion to dismiss is filed), but that may be unnecessary.  That is because plaintiff's brief prematurely argues the merits of this case that this Court need not reach and is therefore largely irrelevant. Although plaintiff's brief is incorrect in numerous respects, we do not address all of its points here because they are irrelevant to the motion to dismiss.

1674083 at *1 (D. Or. June 6, 2007) ("Social security retirement benefits are not exempt from levy or subject to the limitations on continuous levy for specified payments.").[3]

Based on this case law, the Seventh Circuit has found that the *Enochs* exception to the AIA, which applies only when a taxpayer's success against the government is "certain," did not allow a suit challenging a social security levy that exceeded 15 percent. *See Bowers v. United States*, 498 F. App'x 623, 627 (7th Cir. 2012). Similarly here, there are at least some circumstances under which the United States could ultimately prevail by convincing the Court that the IRS has a right to levy more than 15 percent of Holland's social security benefits. For instance, this Court could simply agree with the analysis of all of the other courts to have examined the issue raised by Holland and rule in the United States' favor on that basis.

Plaintiff contends that all of the existing case law on this issue is wrong because supposedly none of those prior cases examined the social security statute. Doc. 1-1 at 4. This statement is untrue because *Hines*, *supra*, did exactly that. *See* 658 F. Supp. 2d at 146 (citing 42 U.S.C. § 402(a)). Holland claims that *Hines* was wrongly decided and argues, based on the phrasing of 42 U.S.C. § 402(a), that his living until the end of each month is a condition precedent to his receiving social security benefits in the following month, thus making those future months of social security payments contingent property rights to which a one-time (and non-continuous) levy under § 6331(a) could not attach. Doc. 1-1 at 9-11 ( "A levy under § 6331(a) should not attach to social security payments beyond the current month.").

---

[3] "The effect of section 6331(h)," enacted in 1997, "was to subject to continuous levy funds that previously, under section 6334, had been exempt from levy." *United States v. Marsh*, 89 F. Supp. 2d 1171, 1178 (D. Haw. 2000). Contrary to the insinuation in Holland's brief, social security benefits were already subject to levy under § 6331(a) prior to the 1997 statutory amendment. *See United States v. Cleveland*, Nos. 93 C 1767, 93 C 1768, 1994 WL 411376 at *3 (N.D. Ill. Aug. 3, 1994) ("The case law confirms that social security benefits are subject to levy by the IRS."); *McCoy v. United States*, Civ. A. No. CA 5-91-273-C, 1992 WL 210090 at *2 (N.D. Tex. July 17, 1992) ("The IRS properly levied upon plaintiff's various income sources such as her social security and oil and gas revenue producing interests in this case pursuant to § 6331(a).").

But at least one court has previously rejected an equivalent argument made by a debtor in bankruptcy who sought to avoid attachment of federal tax liens to his right to receive future annuity payments, writing as follows:

> Here, there is no question that prior to the petition in bankruptcy, plaintiff had a fixed right to receive the annuity payments. In fact, there was nothing more that he had to do in order to receive them. He did not have to perform services or do anything else. Plaintiff disputes this by asserting that staying alive was a condition precedent to receiving the payments. *While the debtor may be correct that staying alive is a condition precedent to receiving payment, staying alive is not a condition precedent in acquiring a property right in the annuity.* The debtor acquired this prepetition, in fact years before filing, and continues to keep this right and interest as long as he is living. Being alive does not create the property right; rather, death terminates this previously created property right in the annuity. Death is not a condition precedent to acquisition but a condition subsequent. Despite the fact that the annuity payments could not be assigned or bequeathed, this does not change the fact that plaintiff had a completely fixed right in the annuity payments as of the time that the tax liens arose.

*Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159 (Bankr. D.S.C. 1993) (emphasis added). *Cf. Markham v. Fay*, 74. F.3d 1347, 1359 (1st Cir. 1996) ("a beneficiary's right to receive part of the trust property that depends only on his or her survival until the death of other persons is a vested property right.").

The foregoing legal authorities effectively refute the plaintiff's argument that the IRS cannot collect future social security benefits by levy under § 6331(a) and thus must be limited to the continuous levy and its 15 percent cap.[4] As a result, Holland cannot demonstrate that he has a certainty of prevailing on the merits of this issue, and thus he cannot avoid the AIA's bar on his claim via the *Enochs* exception.

Even if there were no circumstances where the United States could prevail on the 15 percent issue, the *Enochs* exception to the AIA would still not be met because plaintiff has failed

---

[4] One additional argument that the government could advance is that an offset of Holland's social security benefits against his tax liabilities is not really, in substance, a levy at all, and therefore it cannot be subject to the 15 percent cap in § 6331(h).

to allege that the levy of more than 15 percent of his social security is causing him irreparable harm, which is the second required element for this exception to apply. Nor can he make such an allegation here because the alleged injury—deprivation of social security benefits—is compensable by money damages and thus, almost by definition, not irreparable. *See* Complaint; *see also Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("[A] plaintiff's harm is not irreparable if it is fully compensable by money damages."). Therefore, any attempt by Holland to avoid the AIA's operation on this basis must fail.

        **b.**    **Congress Provided Plaintiff with an Alternative Remedy**

The other exception to the AIA under *South Carolina v. Regan* only applies if the plaintiff has no alternative remedy. In this case, if Holland had truly wished to dispute the government's right to take more than 15 percent of his social security, there exists a statutory mechanism by which he could potentially have done so. Section 7433 of the Internal Revenue Code, titled "Civil Damages for Certain Unauthorized Collection Actions," permits the filing of a lawsuit "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [Title 26], or any regulation promulgated under this title[.]" 26 U.S.C. § 7433(a). Plaintiff could have theoretically brought a § 7433 damages claim based upon his contention that the IRS's levy of more than 15 percent of his social security benefits constituted an unauthorized collection action that violated Title 26 or the Treasury Regulations.

Of course, such a civil action would have been subject to the other restrictions in § 7433, such as the administrative claim requirement (§ 7433(d)(1)), the two-year statute of limitations (§ 7433(d)(3)), and the caps on damages (§ 7433(b)). *See Keohane v. United States*, 775 F. Supp. 2d 87 (2011) (dismissing § 7433 action challenging social security levy in excess of 15 percent

10

as time-barred). These restrictions may well make a § 7433 action unappealing to Holland, if it is even available at this point at all, and Holland has expressly stated that he does not seek damages here. *See* Complaint ¶ 1("This is not an action for a refund of taxes collected or for damages for taxes erroneously collected."). Still, he cannot plausibly claim to be an "aggrieved part[y] for whom [Congress] has not provided an alternative remedy" simply because he chose not to avail himself of the opportunity to pursue a damages action under § 7433. *South Carolina v. Regan*, 465 U.S. 367, 378 (1984). This narrow exception to the AIA for cases where the plaintiff has no alternative remedy therefore is not met here.

### D.    Plaintiff Cannot Circumvent the AIA via the Mandamus Statute

The AIA bars plaintiff's claim despite his attempt to present it as a mandamus action under 28 U.S.C. § 1361. *See Dickens v. United States*, 671 F.2d 969, 972 (6th Cir. 1982) (holding "that the Anti-Injunction Act precludes the relief sought by the plaintiffs" who had "also characterized their suit as a mandamus action"); *see also Stevens v. Colt*, No. 10-14387, 2011 WL 1500599 at *1 (11th Cir. Apr. 20, 2011) (per curiam) (mandamus petition that "contests the validity of the notices of tax lien and levy" is barred by AIA); *Rael v. Apodaca*, 210 F. App'x 787, 791 (10th Cir. 2006) (§ 1361 "'does not override the Anti-Injunction Act.'" (quoting *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999)); *Spicer v. Jensen*, 210 F.3d 385 (Table), 2000 WL 11434 at *1 (9th Cir. 2000) ("mandamus action" was "subject to the Anti-Injunction Act"); *Ross v. United States*, 460 F. Supp. 2d 139, 150 (D.D.C. 2006) ("[C]ourts have held that the Anti–Injunction Act also precludes relief in the nature of mandamus where plaintiffs have simply cloaked an action for an injunction against the collection of taxes as a mandamus action").

This issue has specifically arisen in the context of suits seeking to enjoin IRS levies, with the courts rejecting mandamus claims. *See Trimble v. U.S., I.R.S.*, No. 92-74219, 1993 WL

11

288295 at *1 (E.D. Mich. May 18, 1993) (dismissing mandamus action based on AIA); *Granse v. United States*, 932 F. Supp. 1162, 1166 (D. Minn. 1996) (holding that § 1361 did "not waive the federal government's sovereign immunity for suit challenging an administrative tax levy.").

Plaintiff's mandamus claim is also fatally flawed for other reasons unrelated to the AIA. A threshold problem is that the United States of America cannot be a defendant in a mandamus action under § 1361, which says: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). This statutory language "applies solely to federal officers, and the failure to name federal officer as defendants renders § 1361 inapplicable. . . .The Mandamus Act simply does not apply to the United States itself." *Rosebud Sioux Tribe v. U.S. Bureau of Indian Affairs*, 714 F. Supp. 1546, 1556 (D.S.D. 1989); *see also Morpurgo v. Board of Higher Ed. In City of New York*, 423 F. Supp. 704, 714 (S.D.N.Y. 1976).

Even if this threshold problem could be cured by substituting a federal officer as the named defendant, Holland would still be unable to overcome the more fundamental problem that, "[m]andamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). That is because there is no "duty owed to the plaintiff" in such a case. *See id.*; *see also Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001); *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987); *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975); *Labenya v. U.S. Citizenship & Immigration Servs.*, 965 F. Supp. 2d 823, 827 (E.D. Mich. 2013).

Holland seems to contend that the IRS owes him a duty to release the social security levy (at least above the 15 percent level) based on 26 U.S.C. § 6343, which provides that, "the Secretary shall release the levy upon" certain circumstances occurring. He specifically relies on

two of the circumstances listed in § 6343(a)(1): "the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments" (§ 6343(a)(1)(C)) and "the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer" (§ 6343(a)(1)(D)). *See* Complaint ¶ 2(c), (d). Neither of these circumstances applies.

With respect to § 6343(a)(1)(C), Holland has not actually entered into an installment agreement with the IRS. All that he has done is propose a payment agreement on terms that are unacceptable to the government. *See* Complaint ¶ 2(c) (alleging that Holland "has requested a payment plan" and that the government "has refused to permit a payment plan which would result in a release of the levy").[5] The IRS's statutory authority to enter into installment agreements is codified at 26 U.S.C. § 6159(a), which states that, "The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability." The IRS's decision whether to enter into such an agreement with a taxpayer is discretionary and therefore not subject to mandamus relief. *See Marascalco v. Comm'r*, 420 F. App'x 423, 424 (5th Cir. 2011) ("The Secretary's decision is discretionary, unless the taxpayer falls into certain categories not relevant here." (citing § 6159(c)); *see also* 26 C.F.R. § 301.6159–1(c).

Similarly, the IRS's decision whether to give a taxpayer relief from a levy due to an economic hardship finding under § 6343(a)(1)(D) "is completely discretionary" and thus beyond the bounds of government action that could be compelled by the mandamus statute. *Fiedler v. IRS Advisory Group*, Case No. 4:13-cv-391, 2013 WL 7122697 at *1 (E.D. Tex. Sept. 19, 2013);

---

[5] Even if the government did accept Holland's proposal for a payment plan, it would not "satisfy such liability" in any event because the terms of the payment plan would not fully pay Holland's nearly $20 million tax debt. Thus, the plain language of § 6343(a)(1)(C) would still not apply.

13

*see also Karam v. Comm'r*, 504 F. App'x 416, 421 (6th Cir. 2012) (reviewing Tax Court's decision upholding IRS's finding of no economic hardship for abuse of discretion); *Lindsay Manor Nursing Home, Inc. v. Comm'r*, 148 T.C. No. 9, 2017 WL 1098438 at *7 (Tax Ct. Mar. 23, 2017) ("Congress clearly provided to the Secretary discretion to determine when an economic hardship exists and whether it is caused by the financial condition of the taxpayer as a result of the levy.").

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). The situation in this case is hardly extraordinary and cannot support mandamus relief for the above-enumerated reasons.

### III.   Conclusion

Plaintiff's action seeking a writ of mandamus that enjoins the United States to collect only 15 percent of his monthly social security benefits going forward should be dismissed for lack of subject-matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6064 (v)
202-514-5238 (f)
Edward.J.Murphy@usdoj.gov

Certificate of Service

I hereby certify that I electronically filed the foregoing document on February 6, 2018, and that I served it via the ECF system upon plaintiff's counsel.

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
