UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EDWARD J. HOLLAND, JR.,           )
                                  )     Case No. 2:17-cv-13926-MOB-MKM
            Plaintiff,            )     Hon. Marianne O. Battani
                                  )
v.                                )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.            )
_____ )

## PLAINTIFF'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS AND BRIEF

Plaintiff, Edward Holland, Jr., responds to the Government's Motion to Dismiss as stated in the attached Brief.

Date: March 5, 2018

Respectfully submitted,

/s/  Neal Nusholtz
NEAL NUSHOLTZ
Attorney for Plaintiff, Edward Holland, Jr.
2855 Coolidge Hwy., Ste. 103
Troy, Michigan 48084
Ph. 248-646-0123
Nusholtz@nnlaw.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| EDWARD J. HOLLAND, JR., | ) | |
| | ) | Case No. 2:17-cv-13926-MOB-MKM |
| Plaintiff, | ) | Hon. Marianne O. Battani |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO THE
GOVERNMENT'S MOTION TO DISMISS**

Concise Statement of Issues Presented

Issue I

Whether Plaintiff's Complaint satisfies the jurisdictional requirement of irreparable injury since plaintiff has no other remedy for the unlawful seizure of <u>all</u> of his future social security benefits?

Issue II

Whether Plaintiff's Complaint satisfies the jurisdictional requirement that the government will ultimately not prevail on the issue of whether the Internal Revenue Service may serve a single notice of levy to collect <u>all</u> of Plaintiff's future Social Security benefits?

Controlling or Most Appropriate Authority For
The Relief Sought  (Emphasis Added)

Cases

On the issue of obtaining an injunction when a plaintiff has no other remedy, the Supreme Court has repeatedly held that the anti-injunction provision of §7421 does not prevent jurisdiction.  *C. I. R. v. Shapiro*, 424 U.S. 614, 629 (1976).  *Laing v. United States*, 423 U.S. 161, 210 (1976).  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746, (1974).  *South Carolina v. Regan*, 465 U.S. 367, 378 (1984). (discussed under Jurisdiction at p. 5 herein.) Plaintiff has no other remedy.

There is no controlling case law on the issue of the IRS seizing 100% of monthly Social Security benefits.  There is no Sixth Circuit precedent on the issue of a single notice of levy talking 100% of future social security benefits contrary to 26 U.S.C. §6331(h). There are four district court cases which allow it (Government Brief Dkt# p. 7). One bankruptcy court case relied on the statutory committee reports and applied the 15% limitation under §6331(h) (*Anderson* at p. 16 herein). One unpublished non-precedential Seventh Circuit decision indirectly referenced the district court cases on a jurisdictional issue. (*Bowers* at p. 15 herein)

Statutes  (emphasis added)

26 U.S.C. §6331. Levy and Distraint (a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon

ii

all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

§6331(b) Seizure and Sale of Property.  The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), **a levy shall extend only to property possessed and obligations existing at the time thereof**.  In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

§6331(h) Continuing Levy on Certain Payments. 6331(h)(1) In General.  If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, **such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer**.

> 6331(h)(2) Specified Payment. For the purposes of paragraph (1), the term "specified payment" means:
>
> 6331(h)(2)(A) **any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee,**
>
> 6331(h)(2)(B) any payment described in paragraph (4), (7), (9), or (11) of section
>
> 6334(a), and

6331(h)(2)(C) any annuity or pension payment under the Railroad Retirement Act or benefit under the Railroad Unemployment Insurance Act.

6331(h)(3) Increase in Levy for certain payments.  Paragraph (1) shall be applied by substituting "100 percent" for "15 percent" in the case of any specified payment due to avendor of property, goods, or services sold or leased to the Federal Government and by substituting "100 percent" for "15 percent" in the case of any specified payment due to a Medicare provider or supplier under title XVIII of the Social Security Act.

26 U.S.C. §7421. Prohibition of Suits to Restrain Assessment or Collection. [For tax years prior to 2018]

(a) TAX.  Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

28 U.S. C. §1346 - United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

(2) **Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation** of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections

iv

7104(b)(1) and 7107(a)(1) of title 41. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. §1361 - Action to compel an officer of the United States to perform his duty.

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

42 U.S. Code §402 - Old-age and survivors insurance benefit payments

(a) Old-age insurance benefits .  Every individual who:

(1) is a fully insured individual (as defined in section 414(a) of this title),

(2) has attained age 62, and

(3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained retirement age (as defined in section 416(l) of this title),

shall be entitled to an old-age insurance benefit for each month, beginning with—

(A) in the case of an individual who has attained retirement age (as defined in section 416(l) of this title), the first month in which such individual meets the criteria specified in paragraphs (1), (2), and (3), or

(B) in the case of an individual who has attained age 62, but has not attained retirement age (as defined in section 416(l) of this title), the first month throughout which such individual meets the criteria specified in paragraphs (1) and (2) (if in that month he meets the criterion specified in paragraph (3)) **and ending with the month preceding the month in which he dies**. Except as provided in subsection (q) and subsection (w), such individual's old-age insurance benefit for any month shall be equal to his primary insurance amount (as defined in section 415(a) of this title) for such month.

## Treasury Regulations (emphasis added)

v

<u>Treasury Regulation,§301.6331-1</u>. (a)Authority to levy (1)In general.   If any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand, the district director to whom the assessment is charged (or, upon his request, any other district director) may proceed to collect the tax by levy. The district director may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The district director may also levy upon property with respect to which there is a lien provided by section 6321 or 6324 for the payment of the tax. For exemption of certain property from levy, see section 6334 and the regulations thereunder. As used in section 6331 and this section, the term "tax" includes any interest, additional amount, addition to tax, or assessable penalty, together with costs and expenses. Property subject to a Federal tax lien which has been sold or otherwise transferred by the taxpayer may be seized while in the hands of the transferee or any subsequent transferee. However, see provisions under sections 6323 and 6324(a)(2) and (b) for protection of certain transferees against a Federal tax lien. Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation. A levy on a bank reaches any interest that accrues on the taxpayer's balance under the terms of the bank's agreement with the depositor during the 21-day holding period provided for in section 6332(c). Except as provided in § 301.6331-1(b)(1) with regard to a levy on salary or wages, a levy extends only to property possessed and obligations which exist at the time of the levy. **Obligations exist when the liability of the obligor is fixed and determinable** although the right to receive payment thereof may be deferred until a later date. For example, if on the first day of the month a delinquent taxpayer sold personal property subject to an agreement that the buyer remit the purchase price on the last day of the month, a levy made on the buyer on the 10th day of the month would reach the amount due on the sale, although the buyer need not satisfy the levy by paying over the amount to the district director until the last day of the month. Similarly, a levy only reaches property in the possession of the person levied upon at the time the levy is made together with interest that accrues during the 21-day holding period provided for in section 6332(c). For example, a levy made on a bank with respect to the account of a delinquent taxpayer is satisfied if the bank surrenders the amount of the taxpayer's balance at the time the levy is made. The levy has no effect upon any subsequent deposit.

# TABLE OF CONTENTS

Issue I ............................................................................................................ i

    Whether plaintiff's complaint satisfies the jurisdictional requirement of
    irreparable injury since plaintiff has no other remedy for the unlawful seizure of
    all of his future social security benefits? ............................................... i

Issue II ......................................................................................................... i

    Whether plaintiff's complaint satisfies the jurisdictional requirement that the
    government will ultimately not prevail on the issue of whether the Internal
    Revenue Service may serve a single notice of levy to collect all of plaintiff's
    future Social Security benefits? ............................................................. i

Controlling or Most Appropriate Authority For The Relief Sought ...................... ii

    Cases ....................................................................................................... ii

    Statutes ................................................................................................... ii

Treasury Regulations ....................................................................................... v

TABLES OF AUTHORITIES ......................................................................... viii

ARGUMENT .................................................................................................. 1

    Introduction ............................................................................................ 1

    The Tax Liability .................................................................................... 1

    Two Types of Levies ............................................................................... 1

    Continuous and Non-Continuous Levies ................................................... 1

    No Other Remedy ................................................................................... 3

    No Money Damages. ............................................................................... 4

    Jurisdiction ............................................................................................ 5

    Irreparable Injury ................................................................................... 5

    Government Will Not Ultimately Prevail ................................................... 6

    Continuous Levies on 100% of Social Security Benefits are Illegal .............. 7

    Fixed and Determinable .......................................................................... 9

CONCLUSION ............................................................................................. 19

# TABLES OF AUTHORITIES

**Statutes**

26 U.S.C. §6159................................................................................................3

26 U.S.C. §6321..............................................................................................16

26 U.S.C. §6331 Levy and Distraint............................................................ passim

26 U.S.C. §6331(b) Seizure and Sale of Property ............................... iii, 1

26 U.S.C. §6331(h) Continuing Levy on Certain Payments .......................... iii, 2, 7

26 U.S.C. §6331(k) .........................................................................................3

26 U.S.C. §6334..............................................................................................15

26 U.S.C. §6343................................................................................................3

26 U.S.C. §7421. Prohibition of Suits to Restrain Assessment or Collection. iv, 5, 6

26 U.S.C. §7433................................................................................................4

28 U.S.C. §1346 - United States as defendant.......................................... iv

28 U.S.C. §1361 - Action to compel an officer of the United States to perform his duty...............................................................................................................v

28 U.S.C. 1356................................................................................................7

42 U.S.C. §402 - Old-age and survivors insurance benefit payments......................v

42 U.S.C. §407(a) ...........................................................................................15

**Regulations**

26 C.F.R,§301.6331-1 ............................................................................ vi, 9

26 C.F.R.Treas. Reg. §301.6331-2 ...........................................................2


**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................4

*Bob Jones Univ. v. Simon*, 416 U.S. 725 (1974)................................... ii, 5

*Bowers v. United States*, 498 F. App'x 623 (7th Cir. 2012)...................15

*C. I. R. v. Shapiro*, 424 U.S. 614, 629 (1976)....................................... ii, 5

*California v. Am. Stores Co.*, 492 U.S. 1301 (1989) ...............................5

*Coy v. Folsom*, 228 F 2d. 276 (3rd Cir. 1955) ........................................14

*Donovan v. Pennsylvania Co.*, 199 U.S. 279 (1905)...............................5

*Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962) ...................6

*Flora v. United States*, 357 U.S. 63 (1960) ...........................................19

*Hillyer v. C.I.R.*, No. 4:CV:92-1757, 1994 WL 240348 (M.D. Pa. Mar. 30, 1994), aff'd, No. 94-7347, 1995 WL 250365 (3d Cir. Feb. 13, 1995)..........................6

*Hines v. United States*, 658 F. Supp. 2d 139 (D.D.C. 2009) *appeal dismissed for mootness, Hines v. United States*, No. 08-5459, 2009 WL 5252626 (D.C. Cir. Nov. 9, 2009) ......................................................................... 9, 13, 14

*In re Anderson*, 250 B.R. 707  (Bankr. D. Mont. 2000) ...........................................16

*In Re John Mill Hawn,* 149 BR 450  (Bankr. S.D. Tex. 1993), *aff'd in part sub nom. Hawn v. Am. Nat. Bank., No.* CIV. A. C-93-102, 1996 WL 142521 (S.D. Tex. Jan. 23, 1996)............................................................................. 12, 13

*Laing v. United States*, 423 U.S. 161 (1976) ...................................................... ii, 5

*Marbury v. Madison*, 5 U.S. 137 (1803)...............................................................7

*Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589 (1931).......................5

*Schmiedigen v. Celebrezze*, 245 F.Supp. 825 (D.D.C.1965) ...................................14

*South Carolina v. Regan*, 465 U.S. 367 (1984) ...................................................... ii, 6

*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009 ...................4

*Tull v. U.S.*, 69 F3d 394 (9th Cir. 1995) *rvsng* 848 FSupp 1466 (USDC ED CA (1994) ..................................................................................................12

*U S v. Long Island Drug Co,* 115 F.2d 983 (2d Cir. 1940) ...................................10

*United States v. Antonio*, No. CIV. 86-1053 ACK, 1991 WL 253021 (D. Haw. Sept. 24, 1991) ...................................................................................10

*United States v. Hemmen*, 51 F.3d 883 (9th Cir. 1995)...........................................11

*United States v. Morey*, 821 F. Supp. 1438 (W.D. Okla. 1993) ...........................11

*United States v. Ruiz*, 536 U.S. 622 (2002) ............................................................6

*Wessel v. United States (In re Wessel)*, 161 B.R. 155 (Bankr. D.S.C. 1993)... 15, 16

ARGUMENT

<u>Introduction</u>

This case is about whether the Internal Revenue Service can continue to levy on 100% of Plaintiff's future Social Security benefits in 2018, contrary to 26 U.S.C. 6331(h) (on page iii herein).  §6331(h) limits continuous levies of Social Security benefits to 15% of the monthly benefits.

<u>The Tax Liability</u>

Plaintiff, Edward Holland, Jr. ("Holland") owes over $19 million in delinquent taxes.  $6.4 million of the delinquency is tax and the rest is penalties and interest. Collection of that tax liability is the subject matter of another federal lawsuit in the Eastern District of Michigan, Southern Division (Case No. 2:13-CV-10082-MOB-MKM).  The underlying premise of that lawsuit is that Holland does not have assets with which he can pay his tax liability.

<u>Two Types of Levies</u>

Continuous and Non-Continuous Levies

Ten days after a taxpayer receives a notice of demand for payment and does not pay his or her taxes, the government has the power to levy upon all property belonging to the taxpayer or upon which there is a lien. 26 U.S.C. §6331(a) (on page ii herein).  There are two types of levies under §6331. One type of levy applies to "property possessed and obligations existing" at the time of the levy. See §6331(b) (on page iii).  The other type of levy is a continuous levy that covers future obligations to a taxpayer occurring after the date of the levy.  The tax law provides for only two forms of continuous levies: (1)  one

1

on wages under §6331(e);  and (2) one upon certain specified monthly payments like

pensions and non means tested government benefits under §6331(h).  Non means tested

government benefits include Social Security benefits.  §6331(h)(2)(A).

Both types of continuous levies have limitations.  Wages subject to a continuous

levy are exempt in an amount equal to the standard deduction plus exemptions divided by

52. See §6334 (d)(2). Social Security benefits subject to a continuous levy are limited to

15% of the monthly payment. 6331(h)(1) (on page iii).  The Social Security

Administration is currently sending 100% of Mr. Holland's Social Security benefits to

the Internal Revenue Service every month. (Par. 1 of Complaint Dkt#1). Those payments

to the IRS appear to be the result of a single Notice of Levy sent in 2012.

## The Prior Notice Requirement

Notices of levy have prior notice requirements under §6331(d).  ("Levy may be

made under subsection (a) upon the salary or wages or other property of any person with

respect to any unpaid tax only after the Secretary has notified such person in writing of

his intention to make such levy.")  A levy is supposed to be preceded for 30 days by a

"notice of intent to levy"  26 C.F.R.Treas. Reg. § 301.6331-2 .  The government has the

authority under §6331(a) to make a single levy on 100% of a single monthly Social

Security benefit.  (See Government's Brief,  n. 3 at page 8 therein).  Serving a non-

continuous Notice of Levy but still collecting 100% of future monthly Social Security

benefits, circumvents the procedural notice requirements that the government would have

if it collected 100% of benefits by levying on a single monthly benefit.  The 30 day prior

notice requirement could create repeating monthly problems with timing of the notice of

levy, since the Internal Revenue Service can only levy on obligations existing at the time of the notice of levy. §26 U.S.C. 6331(b).

## No Other Remedy

### No Installment Payment Agreement

Mr. Holland has asked this Court to stop the continuous levy on 100% of his Social Security benefits.  He has no other remedy.  The Government could stop the continuous levies with an installment payment agreement.  §6331(k) forbids the Internal Revenue Service from levying during the period of an installment agreement. ("No Levy While Certain Offers Pending or Installment Agreement Pending or in Effect.")  A levy will be terminated under 26 U.S.C. §6343(a)(1)(C) if  "the taxpayer has entered into an agreement under section 6159 [26 U.S.C. §6159] to satisfy such liability by means of installment payments, unless such agreement provides otherwise."  26 U.S.C. §6159 allows the government to accept payments by installment agreement even if the agreement does not provide for full payment of the tax: "The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full *or partial* collection of such liability." (emphasis added).

The Government has refused to give Mr. Holland an installment agreement (Government Motion to Dismiss page 13), possibly because the Justice Department mistakenly believes that an installment payment plan, which is customarily based on the ability to pay, is unacceptable if it is not expected to achieve full payment of $19 million plus interest (See Government's Motion to Dismiss, n. 5 at page 13).  Mr. Holland has

pled in his Complaint that the Government would not allow him to have an installment agreement based upon ability to pay. (See Dkt#1 Complaint par. 2). The Court should accept that allegation when considering this Motion to Dismiss. See *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

<u>No Suit for Refund or Money Damages</u>

Damages as a remedy under 26 U.S.C. §7433 has been suggested by the Government (Government's Motion to Dismiss page 10). Mr. Holland has no remedy for money damages in a court of law. Mr. Holland owes the government $19 million. If Mr. Holland did obtain a money judgment against the government, it would be seized from the obligor government by the creditor government under §6331. No payment by the government will ever be made to Mr. Holland while he continues to owe $19 million.

Similarly, Mr. Holland cannot obtain any monetary relief by suing the United States for a refund of illegally seized funds. Mr. Holland is specifically not seeking a refund for unlawful seizures (Dkt#1 Complaint paragraph 1). Mr. Holland is seeking to terminate the continuous seizures of 100% of his Social Security benefits going forward. (Complaint par. 4).

The lack of any other remedy for Mr. Holland is an irreparable injury. An irreparable injury exists if "other relief would be inadequate to remedy the injury"

4

*California v. Am. Stores Co*., 492 U.S. 1301, 1305 (1989) or if "no fair or reasonable redress can be had therefor in a court of law*." Donovan v. Pennsylvania Co*., 199 U.S. 279, 305 (1905).

<u>Jurisdiction</u>

Irreparable Injury

The Government's Motion to Dismiss rests largely on 26 U.S.C. §7421. That section of the tax law prevents taxpayers from suing to prevent the payment of their taxes. §7421 is not a bar when a taxpayer has no other remedy. That rule has been followed repeatedly by the Supreme Court. "[T]he Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made. *C. I. R. v. Shapiro*, 424 U.S. 614, 629 (1976). "[T]he Court [*Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 595-596 (1931)] unanimously held that the taxing authorities may lawfully seize property for payment of taxes in summary proceedings prior to an adjudication of liability where "adequate opportunity is afforded for a later judicial determination of the legal rights." *Laing v. United States*, 423 U.S. 161, 210 (1976). "This is not a case in which an aggrieved party has no access at all to judicial review. Were that true, our conclusion might well be different." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746, (1974). See also the Government's Motion to Dismiss at page 7. "Congress did not intend the [AIA] to apply

5

to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *South Carolina v. Regan*, 465 U.S. 367, 378 (1984).

The government's continuous levies on Mr. Holland's Social Security benefits leaves Mr. Holland penniless and there is no remedy other than to terminate the illegal continuous levies on 100% of his Social Security benefits. The Government claims that irreparable injury is not alleged by Mr. Holland, but the absence of any other adequate remedy was, in fact, alleged in paragraph 2. e. of the Complaint.

Government Will Not Ultimately Prevail

The anti-injunction provision of §7421 does not apply if the taxpayer seeking relief has irreparable injury and if it is clear that under no circumstances could the government ultimately prevail. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). If this Honorable Court determines that Mr. Holland has no remedy for the illegal continuous seizures of all of his Social Security benefits, then it has jurisdiction to determine the primary issue in this case -- whether those continuous seizures are legal. "A federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Therefore, if the levy on Social Security is unlawful, then the Court should deny the government's motion to dismiss and it can enjoin the enforcement of the 100% levy. *Hillyer v. C.I.R.*, No. 4:CV:92-1757, 1994 WL 240348 (M.D. Pa. Mar. 30, 1994), aff'd, No. 94-7347, 1995 WL 250365 (3d Cir. Feb. 13, 1995).

The Government's Motion to Dismiss correctly notes that a petition for mandamus requires the naming of an individual party. As the Government also notes, that deficiency  may be corrected by naming, for instance, Nancy A. Berryhill, the Acting

Commissioner of Social Security Administration, and specifically requesting an order to direct her to stop making future payments of 100% of the Social Security benefits to the Internal Revenue Service. If the Court determines that such payments are illegal, then the Commissioner would have a clear duty to stop doing that.

The failure to name someone is not fatal to Mr. Holland's Complaint for two reasons. The first reason is that mandamus is one basis for jurisdiction (Dkt#1 Complaint paragraph 2). Jurisdiction for termination of the continuous levy in paragraph 1 of the Complaint is 28 U.S.C. 1346 (a)(2) (on page iv herein). 28 U.S.C. 1356 also gives district courts jurisdiction over seizures not within admiralty and maritime jurisdiction, and except matters within the jurisdiction of the Court of International Trade. The second reason is that "it is not by the office of the person to whom the writ is directed, but the nature of the thing to be done that the propriety or impropriety of issuing a mandamus, is to be determined." *Marbury v. Madison*, 5 U.S. 137, 170 (1803). If the Court should determine that joining Acting Commissioner Berryhill is necessary, Mr. Holland would ask for leave to do so.

Continuous Levies
on 100% of Social Security
<u>Benefits are Illegal</u>

The Balanced Budget Act of 1997 amended §6331 to include §6331(h) which added continuous levies for pensions and certain government payments that were not subject to means testing, such as Social Security payments. Continuous levies on the new listed incomes were limited to 15% of the payment. The Committee on the Budget Report explained:

7

## Present and Prior Law

If any person is liable for any internal revenue tax and does not pay it within 10 days after notice and demand by the IRS, the IRS may then collect the tax by levy upon all property and rights to property belonging to the person, unless there is an explicit statutory restriction on doing so. A levy is the seizure of the person's property or rights to property. Property that is not cash is sold pursuant to statutory requirements. In general, a levy does not apply to property acquired after the date of the levy, regardless of whether the property is held by the taxpayer or by a third party (such as a bank) on behalf of a taxpayer. Successive seizures may be necessary if the initial seizure is insufficient to satisfy the liability. The only exception to this rule is for salary and wages. A levy on salary and wages is continuous from the date it is first made until the date it is fully paid or becomes unenforceable. A minimum exemption is provided for salary and wages. It is computed on a weekly basis by adding the value of the standard deduction plus the aggregate value of personal exemptions to which the taxpayer is entitled, divided by 52. For a family of four for taxable year 1996, the weekly minimum exemption is $325.

## Explanation of Provision

The Act amends the Code to provide that a continuous levy is also applicable to non-means tested recurring Federal payments. This is defined as a Federal payment for which eligibility is not based on the income and/or assets of a payee. For example, Social Security payments, which are subject to levy under present law, would become subject to continuous levy. In addition, the Act provides

that this levy would attach up to 15 percent of
any specified payment due the taxpayer. [1]

The Government has argued that continuous levies on Social Security benefits,
like the one in this case, are not made pursuant to §6331(h) (Government Motion to
Dismiss, Dkt# 8, p. 3) but, instead, the Government claims the levies are made under
§6331(a).  See *Hines v. United States*, 658 F. Supp. 2d 139 (D.D.C. 2009)  *appeal
dismissed for mootness, Hines v. United States*, No. 08-5459, 2009 WL 5252626 (D.C.
Cir. Nov. 9, 2009).  See also the Government's Motion to Dismiss pages 7-8.  For a 26
U.S.C. §6331(a) levy to be maintained on all future payments of Social Security benefits,
the future benefits must be obligations of the Social Security Administration "existing at
the time [of the levy]." (26 U.S.C. §6331(b)(on page iii herein).  In order for an
obligation to be existing at the time of the levy, it must be "fixed and determinable"
under Treas. Reg. §301.6331-1(a) (on page vi herein).

<u>Fixed and Determinable</u>

One court has described the phrase "fixed and determinable" as meaning an
obligation is fixed when "the events which gave rise to the obligation have occurred and
the amount of the obligation is capable of being determined in the future, the obligation is
fixed and determinable."  That explanation appeared in a footnote of a case where a
notice of levy was sent to the person owing money to the taxpayer for sandblasting
services the taxpayer had provided:

---

[1] 1997-3 C.B. pp. 218-219

> Treasury Regulation (C.F.R.) Section
> 301.6331–1(a)(1) states that an obligation exists
> only if the liability of the obligor is fixed and
> determinable. It is the liability which must be
> fixed and determinable, not the amount of the
> liability. <u>As long as the events which gave rise
> to the obligation have occurred</u> and the amount
> of the obligation is capable of being determined
> in the future, the obligation is fixed and
> determinable. It is not necessary that the amount
> of the obligation be beyond dispute. *Reiling v.
> United States,* No. L 76-19, 1977 WL 1244
> (N.D. Ind. Aug. 24, 1977), *United States v.
> Antonio*, No. CIV. 86-1053 ACK, 1991 WL
> 253021, n. 2 at *11 (D. Haw. Sept. 24, 1991).
> (Emphasis added).

A "fixed obligation" can be analogized to a chose in action.  An obligation is fixed if the

delinquent taxpayer could have successfully maintained a suit to collect on it.  That is to

say, an obligation exists at the time of the levy if the taxpayer has a legally enforceable

right to collect on the obligation at the time of the levy.  This concept is illustrated in the

difference between an existing paycheck and wages from future services:

> Though we shall assume that a salary or
> wages which have been earned may be made
> subject to a lien for unpaid taxes and also
> subject to distraint and levy, the situation in
> respect to future earnings is quite different.
> They are contingent upon performance of a
> contract of service and represent no existing
> rights of property.  *U S v. Long Island Drug
> Co,* 115 F.2d 983, 986 (2d Cir. 1940).

Like future wages, even if an obligation is ultimately paid to a delinquent

taxpayer, the obligation might not be covered by an earlier notice of levy if the obligation

did not exist at the time of the notice of levy.  One case where that happened was when

10

an attorney owed taxes and had sued his client Morey for fees. After the IRS learned

about the lawsuit, it served Morey with a notice of levy in June of 1987. Morey did not

honor the levy and paid the lawsuit settlement to the deceased attorney's estate in August

of 1989. The government unsuccessfully sued Morey under 26 U.S.C. §6332 for failing

to honor the levy. Morey had claimed that, at the time of the levy, he was not obligated

to the attorney. Morey had alleged in the lawsuit that there was a lack of consideration, a

failure of performance, mutual mistake of fact, unconscionability and he sought a

rescission. *United States v. Morey*, 821 F. Supp. 1438 (W.D. Okla. 1993).

The issue in the *Morey* case was "whether, at the time the levy was served on

Morey, Morey was obligated [to the attorney] with respect to property or rights to

property subject to the levy." The court held that the "[attorney's] rights were not vested

on the date of the levy" and because of that, the levy did not attach to the future payment:

> The court holds that the [attorney] taxpayer held
> a chose in action to which, upon levy, the IRS
> succeeded. Any obligation arising thereunder
> was not vested, or fixed and determinable on
> the date of levy. Therefore, defendant Morey
> was not "in possession of (or obligated with
> respect to) property or rights to property," 26
> U.S.C.A. § 6332(a) (West 1989 & Supp.1992),
> on the date of levy. His subsequent
> nonsurrender did not violate the statute. *United
> States v. Morey*, 821 F. Supp. 1438, 1442 (W.D.
> Okla. 1993).

A contract obligation to pay money is "fixed" when performance by the taxpayer

has occurred. *United States v. Hemmen*, 51 F.3d 883, 890 (9th Cir. 1995). Sometimes, the

question is how much performance is necessary? In the *Tull* case, the Ninth Circuit

reversed a lower court decision that held a levy on auction proceeds was valid even though the levy had been made before the auction had occurred. *Tull v. U.S.*, 69 F3d 394 (9th Cir. 1995) *rvsng* 848 FSupp 1466 (USDC ED CA (1994) . The issue over the levy in *Tull* was whether sufficient pre auction performance had occurred upon which a lawsuit could be maintained.

At the time the Notice of Levy in *Tull* was served, the auction contract was open ended as to what was to be sold. The lower court held that advertising the auction and cleaning the equipment was sufficient partial performance to make the contract enforceable. The Ninth Circuit reversed, saying that the obligation "to sell some as yet undetermined amount of property for an as yet undetermined price to as yet undetermined buyers" was not fixed and determinable.

Some courts have interpreted "fixed' to mean vested. This happened in *In Re John Mill Hawn,* 149 BR 450  (Bankr. S.D. Tex. 1993), *aff'd in part sub nom. Hawn v. Am. Nat. Bank., No.* CIV. A. C-93-102, 1996 WL 142521 (S.D. Tex. Jan. 23, 1996).  In *Hawn,* the taxpayer (Hawn) had assigned his mineral rights to the bank as security for a loan. The IRS served the bank with a levy in in 1987. At the time of receiving the notice of levy, the bank had no funds belonging to Hawn. Three years later, the bank had received funds over and above the amount of the loan. The bank paid the surplus of $131,679.00 out to a group that included Hawn's ex-wife, a creditor of Hawn, some of Hawn's expenses, and Hawn. The IRS sued the bank for the money. The *Hawn* court found that the bank was not liable for failing to honor the levy. The court said:

> The right to receive revenues that might be generated from future production from Hawn's property was not a vested, fixed or determinable right to future income existing at the time of the levy. Rather, that income stream represented a purely contingent right to receive certain income in the future. That right was contingent, among other things, on (1) whether minerals were produced, (2) the amount of such production, (3) whether and when the minerals were sold, (4) the sale price for the minerals, and (5) the expenses incurred in generating such production. Since the right to receive future income from production and sale of oil thus was a contingent, non-vested and non-determinable right, the IRS levy could not reach it. *In re Hawn*, 149 B.R. 450, 457 (Bankr. S.D. Tex. 1993), aff'd in part sub nom. Hawn v. Am. Nat. Bank., No. CIV. A. C-93-102, 1996 WL 142521 (S.D. Tex. Jan. 23, 1996).

In *Hawn*, payment of the mineral royalties were subject to variables that affected the amount and timing of mineral royalties and those variables prevented the royalties from being vested at the time of the notice of levy.

<u>Future Social Security Payments Are Not Vested</u>

The *Hines* case was the first district court case to hold that Social Security payments are fixed and determinable. The *Hines* court said this about that:

> The United States argues that because the IRS levied plaintiff's Social Security benefit payments, to which plaintiff had an existing right at the time the levy attached, the levy was appropriate under Section 6331(a), irrespective of the limitations of Section 6331(h). Plaintiff's right to receive periodic payments for his Social Security retirement benefits was a vested interest. See 42 U.S.C. §402(a); *Schmiedigen v. Celebrezze*, 245 F.Supp. 825, 827

13

> (D.D.C.1965). The amount of benefits are calculable—they are based on earnings averaged over plaintiff's lifetime and determinable based upon a complex formula. See 42 U.S.C. §§402 et seq. The Social Security Administration's ongoing payment of a specific amount of retirement benefits to plaintiff every month therefore was an "obligation[ ] existing at the time" the levies attached under 26 U.S.C. § 6331(b). The levy appropriately could have been issued under Section 6331(a), and therefore was not limited by the fifteen percent cap. *Hines v. United States*, 658 F. Supp. 2d 139, 146 (D.D.C. 2009).

The *Schmiedigen* reference above is to language in that case which indicated that a person who has contributed part of his or her salary to Social Security has "a vested right to the payments prescribed by the statutory scheme."   The statutory scheme for Social Security benefits does not give Mr. Holland a vested right to future benefits in 2012.

Under 42 U.S.C. §402 (a) (on page v) payments of Social Security are subject to two conditions precedent: (1) the recipient must have applied for benefits (§402(a)(3)), *Coy v. Folsom*, 228 F 2d. 276, 278-279 (3rd Cir. 1955); and (2) the recipient must live the full month of the month preceding payment.   Under §402(a) a person "shall be entitled to an old-age insurance benefit for each month, beginning with" the first month after a fully insured individual who has attained age 62 and has filed application for benefits  "and ending with the month preceding the month in which he dies."

Social Security is not one big obligation paid in monthly installments.  It is a series of distinct separate payments, each of which is contingent upon the recipient surviving the preceding month.  A person receiving Social Security has no present right to

14

payments beyond the current month in which he or she is alive.  Future benefits are not assignable or transferable.  Under 42 U.S.C. §407(a) of the Social Security Act, "The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity."  A special code section had to be enacted so that the Internal Revenue Service could levy on Social Security benefits.  See 26 U.S.C. §6334(c).

A levy under §6331(a) should not attach to any Social Security payments beyond the current month because the Social Security Administration has no existing obligation to make future payments at the time of the levy.  Moreover, Mr. Holland has no legally enforceable right to collect Social Security benefits for any month other than the current month.

The Government cites an unpublished non-precedential case (*Bowers v. United States*, 498 F. App'x 623 (7th Cir. 2012)) at page 8 of its brief as evidence that there are some circumstances where the Government could prevail.  The test of whether the Government will prevail is if this Court finds that, despite §6331(h), the Government should be allowed to take be take 100% of  Mr. Holland's social security benefits based on the legal fiction that in the year 2012 the Social Security Administration had owed Mr. Holland his Social Security benefits for the years 2012 – 2018.

The Government's Motion to Dismiss also relies on *Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159 (Bankr. D.S.C. 1993) for the proposition that the precondition

15

of survivorship does not prevent future Social Security benefits from currently vesting (at page 9).  The *Wessel* court addressed a lien on a lifetime annuity.  The Government's reliance on *Wessel* is misplaced because it is a lien case.  Liens under 26 U.S.C. §6321 apply to all property belonging to a taxpayer regardless of whether a future interest in such property is subject to a condition precedent.  There is no "existing obligation requirement for a tax lien under §6321.

The issue in *Wessel* was whether the tax lien under 26 U.S.C. §6321 applies to an annuity if staying alive is a condition of receiving the payments.  "Being alive does not create the property right; rather, death terminates this previously created property right in the annuity." (Government's Motion to Dismiss at page 9).  The issue in the case at bar is a different issue.  The issue here is whether an obligation subject to a condition precedent is fixed so that Edward Holland could sue in 2012 and maintain a suit for his future Social Security benefits.

The government could have a lien on Social Security payments under *Wessel* and still be subject to the 15% limitation on a continuous levy.  That is what happened in *In re Anderson*, 250 B.R. 707  (Bankr. D. Mont. 2000).  In that case, the government argued it had a tax lien on Social Security payments for a delinquent taxpayer who had filed bankruptcy after having qualified for Social Security benefits.  A delinquent taxpayer can discharge his or her income tax debt in bankruptcy.[2]  In *Anderson,* the bankruptcy judge

---

[2] Income taxes are dischargeable in bankruptcy for tax years: (1)  that had a filing due date of more than three years before the bankruptcy (11 U.S.C. §507(a)(8)(A)(i)); (2) that had been filed for more than two years before the bankruptcy (11 U.S.C. §523 Cont'd…

held that that there was a lien on Social Security benefits that survived bankruptcy, even if the tax liability has been discharged, but the judge also held that the levy payments on future Social Security benefits was limited to 15% under §6331(h) (at 711). The *Anderson* case highlights the importance of §6331(h). If the government is allowed to take 100% of Social Security benefits then, senior citizens who are living off of their Social Security benefits will derive no relief from filing bankruptcy.

Another area where taxpayers will be denied relief if Social Security benefits are fixed and determinable is under the ten year statute of limitations for collection of taxes. Sometimes, delinquent taxpayers who are in over their head can get relief from the ten year collection statute of limitations under 26 U.S.C. §6502(1)(1). After ten years, the tax liability expires. In 1994, the Internal Revenue Service added regulation 26 C.F.R. 301.6343-1(b)(1)(ii), which, like a lien in bankruptcy, continues collection on payments of Social Security beyond the ten year statute of limitations if the payments are fixed and determinable:

> (ii) Special situations.—A continuing levy on salary or wages made under section 6331(e) must be released at the end of the period of limitations in section 6502. However, a levy on a fixed and determinable right to payment which right includes payments to be made after the period of limitations expires does not become unenforceable upon the expiration of the period of limitations and will not be released

---

(a)(1)(b)(ii) and, (3) if there is an adjustment to the tax, that adjustment has been assessed for at least 240 days prior to the bankruptcy (11 U.S.C. §507(a)(8)(A)(ii).

>                                       under this condition unless the liability is
>                                       satisfied.[3]

Calling Social Security benefits fixed and determinable creates an anomaly after a

bankruptcy discharge and after the expiration of the ten year statute for collection.

A senior citizen can lose all of their Social Security benefits because they *used to*

*owe taxes.*

      A reasonable person could conclude that calling Social Security benefits

"fixed and determinable" is a loophole to circumvent: (1)  the 15% limitation under

§6331(h); (2) the discharge of debts in bankruptcy; and (3) the statute of

limitations for collection.  Another way to look at it is that calling Social Security

benefits "fixed and determinable" is a slippery slope that has already resulted in a

creeping erosion of taxpayer rights in bankruptcy and under the statute of

limitations for collection.  The consequences of tax liens on Social Security

benefits after Bankruptcy and the continued collection of Social Security benefits

after the statute of limitations on collection has expired, are two reasons why

Congress would have required a 15% limit on continuous levies of Social Security

benefits.  *Anderson, supra,* should be followed on the 15% limitation under

§6331(h) for that reason.

---

[3] Effective date December 30, 1994.  Treasury Decision 8587, T.D. TD8587 Internal
Revenue Service.

18

An obligation to pay money is not "fixed" if it is subject to a condition precedent because a lawsuit cannot be maintained until the condition has been satisfied.  For example, a taxpayer seeking a refund of their taxes under 28 U.S.C. 1346(a)(1) (on page iv herein) must pay the entire amount of the tax first before filing suit for a refund of any partial payment.   "[F]ull payment of an assessed tax [is] a condition precedent to the right to sue the collector for a refund." *Flora v. United States*, 357 U.S. 63, 68 (1960).  If that condition precedent is not satisfied the case will be dismissed. (*id*).  Similarly, if Mr. Holland were to sue for payment of his Social Security benefits for any future month, the government would have the case summarily dismissed.

A notice of levy served prior to 2018 will not extend to Social Security benefits in 2018 because those benefits are not "obligations existing at the time thereof" under §6331(b).  To collect 100% of the Social Security benefit in 2018, the Internal Revenue Service must serve a §6331(a) Notice of Levy before a benefit payment is due and it must serve the required notice not less than 30 days before the levy under §6331(d)(2).  Otherwise, Congress has provided that the government may only use a continuous levy on 15% of the Social Security benefits.

## CONCLUSION

This suit has been brought because it is unreasonable for the Government to deny Mr. Holland an installment payment agreement based on ability to pay and

19

then turn around and strip him of his only source of income.  Congress did not

intend that result. Congress authorized the Treasury Department under §6159 to

enter into installment plans which make partial collection of the liability. Under

§6331(h), Congress limited continuous levies on Social Security benefits to 15% of

the benefits.  Plaintiff requests that this Honorable Court deny the Government's

Motion to Dismiss and, in so doing,  rule that the Government may not engage in a

continuous levy of 100% of future monthly Social Security benefits.


Date: March 5, 2018                          Respectfully submitted,

                                             /s/  Neal Nusholtz
                                             NEAL NUSHOLTZ
                                             Attorney for Plaintiff, Edward Holland, Jr.
                                             2855 Coolidge Hwy., Ste. 103
                                             Troy, Michigan 48084
                                             Ph. 248-646-0123
                                             Nusholtz@nnlaw.net

<u>Certificate of Service</u>

I hereby certify that on March 5, 2018, I electronically filed the foregoing

document with the Clerk of the Court  using the ECF system and that I served it via the

ECF system on Defendant's counsel.

<u>/s/   Neal Nusholtz        </u>
NEAL NUSHOLTZ
2855 Coolidge Hwy., Ste. 103
Troy, Michigan 48084
Ph. 248-646-0123
Nusholtz@nnlaw.net

21