IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EDWARD J. HOLLAND, JR., | ) |
| | ) |
| Plaintiff, | ) Case No. 2:17-cv-13926-MOB-MKM |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT UNITED STATES OF AMERICA'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Tel: 202-307-6064 / Fax: 202-514-5238
Email: Edward.J.Murphy@usdoj.gov

i

Plaintiff Edward J. Holland, Jr., seeks injunctive relief against the IRS's efforts to collect his nearly $20 million in undisputed tax debts. Specifically, his Complaint requests a judgment limiting the IRS to collecting only 15% of his social security benefits via levy. Doc. 1. The United States has moved to dismiss, and Holland opposes the motion. Docs. 8, 10. There is no dispute that the IRS issued a levy to the Social Security Administration in 2012 and has collected 100% of Holland's monthly benefits since that time. Nor does Holland contest the characterization of this suit as seeking to enjoin IRS collection—relief normally barred by the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a), unless an exception to the AIA applies. Further, he does not assert that his lawsuit comes within any of the statutory exceptions listed in the AIA's text. Rather, his argument is limited to claiming the AIA does not bar his suit because he fits within one of the two judicially created exceptions to the AIA in *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962), or *South Carolina v. Regan*, 465 U.S. 367 (1984). Because Holland is wrong and neither judicial exception to the AIA is met, this suit must be dismissed.

## I.     The *Williams Packing* Exception to the AIA Is Not Met

The AIA says that except as provided in a list of statutes that do not apply here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). In *Williams Packing*, the Supreme Court explained:

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention . . . . Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists. . . . [T]he question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.

370 U.S. at 7.

1

The first inquiry is thus whether a good-faith basis for the levy exists such that the Court cannot rule out that the government may prevail on the merits. *See id.* (no more required than "good faith on the part of the Government"); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 745, 749 (1974) (issues were "sufficiently debatable" to preclude applying *Williams Packing* exception, which only applies when IRS's "action is plainly without a legal basis"); *RYO Mach., LLC v. U.S. Dep't of Treas.*, 696 F.3d 467, 473 (6th Cir. 2012) (exception did not apply "because the [government's] interpretation of the Code is plausible on its face."); *Tatar v. Mayer*, 2013 WL 4777143 at *2 (E.D. Mich. Aug. 6, 2013) (Battani, J.) (AIA barred suit to enjoin IRS levies "[b]ecause the United States has offered a viable basis for the challenged conduct[.]").

The government easily clears this low bar here. Several cases have endorsed our view that "there is nothing unlawful about the IRS levying more than 15% of [plaintiff's] social security benefits." *Enax v. Comm'r*, 2011 WL 8150645 at *1 (M.D. Fla. Jan. 14, 2011);[1] *see also* Doc. 8 at 7-8 (collecting cases). Based on these cases, the Seventh Circuit held that a plaintiff challenging a social security levy on the same ground as Holland "cannot demonstrate the 'certainty of success' that would allow him to elude the Anti-Injunction Act's otherwise categorical bar." *Bowers v. United States*, 498 F. App'x 623, 627 (7th Cir. 2012). As the cases recognize, our position is consistent with the text of 26 U.S.C. § 6331(h), which only applies a 15% cap to levies issued under that subsection and not to levies issued under 26 U.S.C.

---

[1] *Enax* was vacated and remanded by the Eleventh Circuit because the trial court should have dismissed for lack of subject-matter jurisdiction without reaching the merits. *See Enax v. Comm'r*, 476 F. App'x 857, 859-60 (11th Cir. 2012). Also note that Holland cites one case that fleetingly endorsed a 15% cap on IRS levies of social security benefits. Doc. 10 at 16-18 (citing *In re Anderson*, 250 B.R. 707, 710 (Bankr. D. Mont. 2000)). The District Court in *Enax* agreed with the government that *Anderson* "provides only a limited rationale for its decision based on a single, unexplained quote within the legislative history." 2011 WL 8150645 at *1 n.3.

§ 6331(a), such as the one here.[2] *See Hines v. United States*, 658 F. Supp. 2d 139, 146-47 (D.D. C. 2009). It is further consistent with legislative history that shows Congress, in enacting § 6331(h) in 1997, did not intended to curtail IRS's preexisting levy rights (including the right to levy 100% of social security benefits under § 6331(a)) but rather to expand them by applying a 15% cap on levies of other payments that were previously exempt from levy entirely. *See United States v. Marsh*, 89 F. Supp. 2d 1171, 1178 (D. Haw. 2000).

Moreover, Holland's claim that a one-time levy under § 6331(a) attaches to only one monthly social security payment, and not his right to the entire future stream of payments (Doc. 10, brief at 2), contradicts the well-established principle that a levy attaches to a taxpayer's fixed right to receive future payments. *See, e.g.*, *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 560-61 (5th Cir. 1997) (annuity); *St. Louis Union Trust Co. v. United States*, 617 F.2d 1293 (8th Cir. 1980) (trust income); *Rockwell v. United States*, 2016 WL 4089561 at *3 (D. Md. Aug. 2, 2016) (interest income); *O'Donnell v. United States*, 2014 WL 5350448 at *3 (S.D. Ill. Oct. 21, 2014), *aff'd* 611F. App'x 879 (7th Cir. 2015) (pension); KMG Properties v. IRS, 2009 WL 1885930 at *8 (W.D. Pa. June 30, 2009) (lease payments); *In re Wesche*, 193 B.R. 76 (Bankr. M.D. Fla. 1996) (retirement benefits)[3]; *Elias v. United States*, 1992 WL 465749 at *6 (C.D. Cal. Nov. 6, 1992) (residual payments); *In re Kirk*, 100 B.R. 85, 87 (Bankr. M.D. Fla. 1989) (disability policy); *see also* Revenue Ruling 55-210, 1955-1 C.B. 544, 1955 WL 9836.

Holland's opposition wrongly assumes that the Court will engage in a full-blown

---

[2] Holland's opposition persists in falsely claiming the levy of his social security was continuous and thus subject to the terms of § 6331(h). In fact, it was a non-continuous levy under § 6331(a), which allows IRS to levy all of a taxpayer's "property and rights to property." The phrase "'[a]ll property and rights to property' includes [a taxpayer's] rights to receive future payments from his pension and Social Security benefits." *In re Bailey*, 574 B.R. 15, 18 (Bankr. D. Me. 2017).

[3] *Wesche* upheld the levy on the future stream of payments over the debtor's objection even though "payments will terminate upon his death, and they are not assignable." 193 B.R. at 77.

consideration of the merits. *See* Doc. 10, brief at 6 (heading claiming "Government Will Not Ultimately Prevail"); *id.* at 15 (incorrectly framing the question as "whether the Government will prevail"). But that is not what *Williams Packing* requires. As long as the government shows that the issue in the case is debatable—as we have now more than done—the bar of the AIA remains.

Additionally, to come within the *Williams Packing* exception, Holland must show irreparable harm from conduct he seeks to enjoin, yet he makes no such allegation. Instead, he conflates irreparable harm (which *Williams Packing* requires) with lack of an alternative remedy (which it does not). *See* Doc. 10 brief at 6; *South Carolina*, 465 U.S. at 374 ("*Williams Packing* did not . . . address, let alone decide, the question whether the [AIA] applies when Congress has provided no alternative remedy."). His failure to plead irreparable harm, as well as his inability to show the government cannot prevail, both make the *Williams Packing* exception inapplicable.

**II.     The *South Carolina* Exception to the AIA Is Not Met**

Plaintiff's last hope lies with the separate AIA exception in *South Carolina v. Regan*. That case involved South Carolina's invocation of the Supreme Court's original jurisdiction to consider the constitutionality of the federal tax on interest paid to holders of state-issued bearer bonds, which South Carolina claimed had the effect of forcing it to issue bonds in registered form. 465 U.S. at 370-72. Recognizing that a state could not sue for a refund of tax paid by its bondholders, and that it could not rely on a third party to litigate the issue on its behalf, the Supreme Court granted South Carolina leave to seek an injunction, writing, "that the [AIA] was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." 465 U.S. at 373; *see also id*. at 378-80.

The Sixth Circuit has called the *South Carolina* exception "very narrow," *RYO Mach., LLC v. U.S. Dep't of Treas.*, 696 F.3d 467, 472 (6th Cir. 2012), and it is far from clear whether it could even possibly apply to the facts of the present case. To be sure, *South Carolina* involved

4

"sympathetic, almost unique, facts." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408 n.3 (4th Cir. 2003). By contrast, our case does not involve the Supreme Court's original jurisdiction, the constitutionality of a tax, or any dispute about the validity of a tax. *Cf. Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 393 (7th Cir. 1987) (*South Carolina* exception to AIA cannot apply where legality of tax is not disputed); *Dominion Nat'l Bank v. Olsen*, 771 F.2d 108, 16 (6th Cir. 1985) (suggesting scope of *South Carolina* exception is limited to "where Congress has provided no alternative method of challenging the constitutionality of a federal tax").

Even assuming the *South Carolina* exception could otherwise apply, it does not here because Holland had an alternative remedy: a damages action under 26 U.S.C. § 7433. He disagrees, arguing that any damages he might have won would have been offset against his nearly $20 million tax debt by the government. Doc. 10 (brief at 4). While that is probably true, the fact remains that Holland could have obtained judicial review of the issue he seeks to raise now via a timely § 7433 suit and recovered "costs of the action" if he prevailed. § 7433(b)(2). Additionally, if he had won a damages action, the IRS undoubtedly would have stopped levying more than 15% of his social security, making a formal injunction unnecessary.

Because Holland declined to pursue this avenue for obtaining judicial review (which is now time-barred), he cannot establish the lack of alternative remedy required by *South Carolina*. *See Alexander v. Americans United, Inc.*, 416 U.S. 752, 762 n.13 (1974) ("A taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it."); *see also Judicial Watch*, 317 F.3d at 408 ("the basis of the [*South Carolina*] exception is *not* whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff has any access at all to judicial review."); *Hines*, 658 F. Supp. 2d at 143 (reaching merits of issue of whether IRS can levy more than 15% of social security benefits in § 7433 action). Consequently, the AIA bars his suit, which should be dismissed.

5

<u>Certificate of Service</u>

I hereby certify that I electronically filed the foregoing document on March 20, 2018, and that I served it via the ECF system upon plaintiff's counsel.

<u>/s/ Edward J. Murphy</u>
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice