UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD J. HOLLAND, JR.,              )
                                     )       Case No. 2:17-cv-13926-MOB-MKM
              Plaintiff,             )       Hon. Marianne O. Battani
v.                                   )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Defendant.             )
_____     )

**PLAINTIFF'S REPLY TO THE DEFENDANT'S**
**RESPONSE TO PLAINTIFF'S**
**<u>MOTION FOR LEAVE TO AMEND</u>**

Plaintiff replies to defendant's Response in Opposition (ECF  No. 16) to plaintiff's

Motion for Leave to File First Amended Complaint and Petition for Mandamus (ECF No. 15) for

the reasons stated in the attached brief.

Dated: December 10, 2018                    Respectfully submitted,

                                            /s/  Neal Nusholtz
                                            NEAL NUSHOLTZ
                                            2855 Coolidge Hwy. Ste. 103
                                            Troy, Michigan 48084
                                            Ph. 248-646-0123
                                            Nusholtz@nnlaw.net

<u>Certificate of Service</u>

I hereby certify that on December 10, 2018, I electronically filed the foregoing document

with the Clerk of the Court  using the ECF system and that I served it via the ECF system on

Defendant's counsel.                        Respectfully Submitted,

                                            /s/  Neal Nusholtz
                                            NEAL NUSHOLTZ
                                            2855 Coolidge Hwy. Ste. 103
                                            Troy, Michigan 48084
                                            Ph. 248-646-0123
                                            Nusholtz@nnlaw.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

EDWARD J. HOLLAND, JR.,      )

                      )    Case No. 2:17-cv-13926-MOB-MKM

       Plaintiff,      )    Hon. Marianne O. Battani

                      )

v.                  )

                      )

UNITED STATES OF AMERICA,    )

                      )

       Defendant.     )

_____)

**BRIEF IN SUPPORT OF PLAINTIFF'S
REPLY TO THE DEFENDANT'S
RESPONSE TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO AMEND</u>**

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................... iii

Concise Statement of Issues Presented ........................................................................ 1

Issue I ........................................................................................................................... 1

Issue II .......................................................................................................................... 1

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ................. 1

Issue I ........................................................................................................................... 1

Issue II .......................................................................................................................... 2

Argument ...................................................................................................................... 3

Introduction .................................................................................................................. 3

Nancy Berryhill .............................................................................................................. 4

The Statute of Limitations under §7433(d) ................................................................... 4

Damages ........................................................................................................................ 6

None of the Government's Cases Involve Seizures Occurring at the Time of Suit ............ 6

Perpetual Levies and the Statute of Limitations ............................................................. 8

## Table of Authorities

**Cases**

*Bright v. United States*, 446 F. Supp. 2d 339, 344 (E.D. Pa. 2006)................................................. 7

*Copeland v. United States*, No. 1:14 CV 1152, 2014 WL 6775425 (N.D. Ohio Dec. 2, 2014) ..... 7

*Fireman's Fund Ins. Co. v. Hanley*, 140 F. Supp. 206, 212 (W.D. Mich. 1956), *aff'd sub nom.*
    *Fireman's Fund Ins. Co. of San Francisco v. Hanley*, 252 F.2d 780 (6th Cir. 1958)............ 1, 4

*Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)................................................................. 2, 6

*In Re Anderson*, 250 BR 707 (Bankr D Mont, 2000) ...................................................................... 9

*Keohane v. United Stat*es, 775 F. Supp. 2d 87 (2011) *aff'd* , 669 F.3d 325 (D.C. Cir. 2012).... 7, 8

*Lenske v. United States*, 383 F.2d 20 (9th Cir. 1967). ..................................................................... 9

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) .............................................................................. 5

*Valladares v. IRS*, No. CV-F-00-4041-AWI/SMS, 2001 WL 670629 (E.D. Cal. May 2, 2001) ... 7

*Voulgaris v. United States Department of Treasury Internal Revenue Service*, Case No. 17-
    13129, 2018 WL 4220392 (E.D. Mich. Sept. 5, 2018) ............................................................ 8

*Youn v. Track*, 324 F.3d 409 (6th Cir. 2003) .................................................................................. 3

*Zinstein v. United States*, No. 1:13CV633 JCC/IDD, 2013 WL 5504418, (E.D. Va. Oct. 2, 2013),
    aff'd, 584 F. App'x 100 (4th Cir. 2014) .................................................................................. 7, 8

**Statutes**

26 U.S.C. §6331(b) ...................................................................................................................... 8, 9

26 U.S.C. §6331(c) ......................................................................................................................... 9

26 U.S.C. §6331(e) ......................................................................................................................... 9

26 U.S.C. §6331(h) ...................................................................................................................... 3, 9

26 U.S.C. §7433 .............................................................................................................................. 2

26 U.S.C. §7433(b) ......................................................................................................................... 2

26 U.S.C. §7433(d) ......................................................................................................................... 2

**Other Authorities**

Rev. Rul. 55-210, 1955-1 CB 544 ................................................................................................. 8

**Treasury Regulations**

Treas. Reg. §301.7433-1(g)(2).............................................................................................. 2, 5, 6

## CONCISE STATEMENT OF ISSUES PRESENTED

Issue I

Whether it is premature to address adding Nancy Berryhill, Acting Commissioner of the

Social Security Administration, to the complaint and whether that issue should be

addressed after the Court has ruled on the government's pending Motion to Dismiss

Plaintiff's Petition for Mandamus (Doc. No. 8) since the motion addresses the exact same

issues?

Plaintiff answers yes.

Issue II

Whether plaintiff's §7433 claim seeking to stop the government from seizing 100% of

Plaintiff's social security benefits in violation of 26 U.S.C. 6331(h)(1) is time barred?

Plaintiff answers no.

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR RELIEF SOUGHT

Authorities for Issue I

Defendant's response is in large part a reiteration of its Motion to Dismiss  (pp. 1-3 and

13).  On the issue of whether the government can maintain two motions involving the exact same

issues, the closest authority would be the language in *Fireman's Fund Ins. Co. v. Hanley*, 140 F.

Supp. 206, 212 (W.D. Mich. 1956), *aff'd sub nom. Fireman's Fund Ins. Co. of San Francisco v.*

*Hanley*, 252 F.2d 780 (6th Cir. 1958).  "The law is well established that if a prior action pending

between the same parties will dispose of all issues between them, a court in the exercise of its

discretion may refuse to act in a declaratory-judgment action involving the same issues."   To

the extent the government's opposition brief is considered a motion for summary judgment, it

1

cannot be filed without prior leave under LR 7.1 (b)(2) and that portion of the response should be stricken.

Authorities for Issue II

The issue of when the statute of limitations runs under 26 U.S.C. §7433 is defined under 26 U.S.C. §7433(d)

> 7433(d)(3)Period for bringing action.—
> Notwithstanding any other provision of law, an
> action to enforce liability created under this section
> may be brought without regard to the amount in
> controversy and may be brought only within 2 years
> after the date the right of action accrues.

When a right of action accrues is defined Treas. Reg. §301.7433-1(g)(2)

> (2)Right of action accrues.—
>
> A cause of action under paragraph (a) of this section
> accrues when the taxpayer has had a reasonable
> opportunity to discover all essential elements of a
> possible cause of action.

The cause of action under 26 U.S.C. §7433 is defined by the Sixth Circuit as:

> ...damages sustained as a result of reckless,
> intentional, or negligent violations of the Code by
> IRS employees in connection with any collection of
> federal tax. *Hohman v. Eadie*, 894 F.3d 776, 781
> (6th Cir. 2018).

Damages are defined under 26 U.S.C. §7433(b):

> (b) Damages.  In any action brought under
> subsection (a) or petition filed under subsection (e),
> upon a finding of liability on the part of the
> defendant, the defendant shall be liable to the
> plaintiff in an amount equal to the lesser of
> $1,000,000 ($100,000, in the case of negligence) or
> the sum of—
>
> (1) actual, direct economic damages sustained by
> the plaintiff as a proximate result of the reckless or

2

intentional or negligent actions of the officer or
employee, and

(2) the costs of the action.

## ARGUMENT

### Introduction

Plaintiff filed a complaint to stop the IRS from seizing 100% of his social security

benefits in violation of 26 U.S.C. §6331(h).  The complaint was amended without leave based on

the following obsolete language in *Youn v. Track*, 324 F.3d 409, 415 (6th Cir. 2003).  "Federal

Rule of Civil Procedure 15(a) provides that a 'party may amend its pleading once as a matter of

course at any time before a responsive pleading is served...' A motion to dismiss is not a

responsive pleading."  Upon the discovery that the language in *Youn v. Track* was obsolete, a

motion for leave to amend was filed.

The complaint was amended in response to arguments made in the government's motion

to dismiss (Doc. No. 8), particularly  the claim that a government official needed to be named (*id*

p. 12) and that the plaintiff  had a suitable remedy under 26 U.S.C. §7433. (*id* p. 10).  A suitable

remedy would be a bar to a mandamus action.

Most importantly, in response to a question from the Court during oral argument as to

whether the government would voluntarily stop seizing 100% of Plaintiff's monthly social

security benefits if plaintiff prevailed in a §7433 action, government counsel represented that it

would.  At that point, adding §7433 to the complaint became a viable remedy.  For the reasons

stated in the Motion to Amend, a claim for §7433 could not be filed until at least six months after

filing an administrative claim with the Internal revenue Service and the complaint was amended

after that requirement had been satisfied.

<u>Adding Nancy Berryhill as a Party</u>

The government argues in its response that amending the complaint is futile. The government's position is that the Petition for Mandamus should not be allowed because Mr. Holland has a claim for damages under §7433 and that the claim for damages under §7433 has been filed too late. The arguments about not allowing Nancy Berryhill to be added to the complaint are the same arguments currently being considered by the Court as a result of the government's Motion to Dismiss (Doc. No. 8). It is best to wait until that motion is decided because if the Court rules against the Motion to Dismiss, then the reasons provided by the government for not allowing Nancy Berryhill to be added to the complaint will also fail. The court has discretion not to consider the government's reiteration of its motion for summary judgment for two reasons. First, "..if a prior action pending between the same parties will dispose of all issues between them, a court in the exercise of its discretion may refuse to act". *Fireman's Fund Ins. Co. v. Hanley*, 140 F. Supp. 206, 212 (W.D. Mich. 1956), *aff'd sub nom. Fireman's Fund Ins. Co. of San Francisco v. Hanley*, 252 F.2d 780 (6th Cir. 1958). Second, if the government's opposition brief is considered another motion for summary judgment (see pp. 1-3 and 13 therein), it cannot be filed without prior leave under LR 7.1 (b)(2) and that portion of the response in opposition should be stricken.

<u>The Statute of Limitations Under §7433(d)</u>

In its response brief, the government argues that the complaint should not be amended to add a claim for damages under 26 U.S.C. §7433(d) because the statute of limitations runs two years from "the date the right of action accrues" . The government believes that the date the §7433 right of action accrued on damages for current seizures of 100% of Mr. Holland's social security benefits was some time in 2012 when the government first started taking 100% of Holland's monthly social security benefits.

4

First and foremost, it should be noted that Mr. Holland would never have filed a §7433 action if it had not been for the government representing to the Court that if Mr. Holland obtained a damage award under §7433 (even if he could not collect on it because of his tax liability) then the government would voluntarily cease its seizures of 100% of his monthly social security benefits. That representation was made to the Court on April 12, 2018 during oral argument on the government's motion to dismiss.

It was at that precise moment on April 12, 2018 when Mr. Holland "discover[ed] all essential elements of a possible cause of action." Treas. Reg. 301.7433-1(g)(2). That representation was made to the court in response to the Court's question whether the government would cease taking 100% of Mr. Holland's monthly social security benefits if a successful claim were brought under §7433. The question was important. Mr. Holland was claiming he had no other remedy for illegal seizures other than a petition or mandamus and not having another remedy is a precondition of relief.

If the government expected the Court to rely on its representations for purposes of its motion to dismiss, then Mr. Holland is entitled to seek a remedy based on that representation. The government's representation is an essential element of a possible §7433 cause of action because without it, a §7433 action would not result in a cessation of the levies.

Normally, "a cause of action accrues (1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation'—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 637 (2010). In this case, seeking damages under §7433 is prompted by the government's representation to the Court. Mr. Holland is not seeking damages from events in the past. He is seeking to stop future seizures of 100% of his monthly social security benefits. A §7433 claim is filed here only in an

attempt to obtain the relief promised by the government.  In that sense, it addresses a remedy for future damages that have not yet happened. Therefore, the statute of limitations should either run from April 12th, from a more recent date, or from a date that has not happened yet because the levy is continuous.

<u>Damages</u>

The government contends that the statute of limitations  runs from the moment that Mr. Holland learned of a levy in this case (p. 8) but that is clearly not the law.  It runs under Treas. Reg. 301.7433-1(g)(2) from the date that a taxpayer discovers "or has a  reasonable opportunity to discover all essential elements of a possible cause of action."  The cause of action under §7433 is defined by the Sixth Circuit as:

> ...damages sustained as a result of reckless, intentional, or negligent violations of the Code by IRS employees in connection with any collection of federal tax. *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018).

Mr. Holland is still suffering from the continuous levy on 100% of his social security benefits. He suffers this month, next month, and every month until he dies.   Yet, the government is arguing that his damage claims happened six years ago.  If, as the government has suggested, §7433 is an appropriate remedy for those damages, then §7433 would necessarily have to address those damages at the time they occur, since they are "essential elements of a possible cause of action" under Treas. Reg. 301.7433-1(g)(2).

None of the Government's Cases
Involve Damages from Ongoing
<u>Seizures Occurring at the Time of Suit</u>

The cases cited by the government do not support its conclusion that the statute under §7433(d) runs from the date of the original levy when the levy is still ongoing at the time of suit.

6

In *Keohane v. United Stat*es, 775 F. Supp. 2d 87 (2011) *aff'd* , 669 F.3d 325, 329 (D.C. Cir. 2012) the taxpayer's social security was taken in excess of the 15% (but not 100% as in this case) and the D.C. Circuit noted that the case was filed after the levy had ended. "Keohane is suffering no further harm from the IRS's alleged error." (at 669 F. 3d 326).  *Keohane* did not address an ongoing levy.

In *Zinstein v. United States*, No. 1:13CV633 JCC/IDD, 2013 WL 5504418, (E.D. Va. Oct. 2, 2013), aff'd, 584 F. App'x 100 (4th Cir. 2014) the opinion addressed a series of levies and did not rule out the possibility  of a right of action that might accrue at the time of the last levy in a series of levies:

> Plaintiffs allege that the IRS improperly issued levies against them from April 8, 2008 to September 27, 2011. Even if their cause of action accrued on September 27, 2011, as Plaintiffs apparently argue, their administrative complaint was filed on March 8, 2013—more than six months prior.( at *4).

The rest of the cases cited by the government all have levies that ended more than two years before the taxpayer filed suit.  In *Copeland v. United States*, No. 1:14 CV 1152, 2014 WL 6775425 (N.D. Ohio Dec. 2, 2014) the levies occurred in 2011 and suit was filed in 2014.  In *Bright v. United States*, 446 F. Supp. 2d 339, 344 (E.D. Pa. 2006) the taxpayer sought damages for a failure to receive notice of a September 27, 1994 wage levy (two other levies in the case did not require notice).  The September 27, 1994 continuous wage levy ended on December 28, 1994. The taxpayer brought suit on January 3, 1997.   In *Valladares v. IRS*, No. CV-F-00-4041-AWI/SMS, 2001 WL 670629 (E.D. Cal. May 2, 2001) the taxpayer sued on November 8, 2000 for the  improper disclosure of information by the IRS, a fact the taxpayer discovered in August of 1988.  In *Shipley v. IRS*, No. 05-3273, 2006 WL 497720 (10th Cir. Mar. 2, 2006) a levy on

social security ended on November 4, 2002 and the taxpayer filed in court on November 29, 2004. In *Voulgaris v. United States Department of Treasury Internal Revenue Service*, Case No. 17-13129, 2018 WL 4220392 (E.D. Mich. Sept. 5, 2018) a levy on the taxpayer's bank account occurred on February 28, 2010 and the taxpayer sued on September 25, 2017.

None of the cases cited by the government address a situation where the government is illegally levying on a taxpayer at the time the suit is filed and continuing to do so after the suit is filed. The *Zinstein* case specifically did not address the issue of whether the last seizure might be the date that starts the running of the statute of limitations and the *Keohane* case explicitly noted that the levies were no longer ongoing.

### Perpetual Levies and the Statute of Limitations

This is not a one-time levy that the taxpayer is complaining about. The type of damages complained of in this case are from a perpetual levy of 100% of monthly social security benefits which is illegal in part because it has been continuous, so much so that it has lasted beyond the period of the statute of limitations. Perpetual levies create a problem under the statute of limitations. A perpetual levy that lasts longer than the statute of limitation will necessarily result in levies which, according to the government, are not going to be subject to court review even if they are illegal. The statutory scheme for IRS collection does not anticipate the effect of a notice of levy occurring outside the boundaries of the statute of limitations because the legislative mandate for levies is on "property possessed and obligations existing at the time" of the notice of levy under 26 U.S.C. §6331(b) (except in the case of wages and 15% of certain periodic payments discussed below).

In 1955, the IRS announced that wherever possible, it would attempt to treat levies as being perpetual so that, by interpretation, one notice of levy would extend to future acquired property. Rev. Rul. 55-210, 1955-1 CB 544. In the Federal Tax Lien Act of 1966, Congress

reacted to the attempt to extend levies in perpetuity by adding a sentence to §6331(b) which explicitly limited administrative levies to property or obligations existing at the moment the levy is asserted:

> …the bill adds a sentence specifying that this right to levy extends only to property of the taxpayer and in the possession of the person on whom the levy is made, or obligations to the taxpayer of the person on whom the levy is made which are existing at the time of the levy.  S. Rep. No. 1708 89th Con. 2d Sess., reprinted in [1966] U.S. Code Gong. & Admin. News.  P. 3738.

Under current law, when a single levy is insufficient to pay the entire tax liability, the IRS is supposed to conduct single successive seizures. 26 U.S.C. §6331(c).  The only exceptions to the one time levy rule are continuous levies on wages under 26 U.S.C. §6331(e) and 15% of certain periodic payments, like social security, under 26 U.S.C. §6331(h) (aside from 100% from government vendors or Medicare providers under §6331(h)(3)).  Otherwise, levies are temporary and they terminate after any property existing at the time of seizure is surrendered to the government.

The 15% limit on a continuous levy on social security benefits was enacted in the 1997, Taxpayer Relief Act of 1997 (P.L. 105-34).  At first, a continuous levy on monthly social security benefits was subject to the 15% limit.  *In Re Anderson*, 250 BR 707 (Bankr D Mont, 2000).  Over time, the government managed to convince some judges to approve of perpetual levies of 100% of social security even though Congress had specifically provided  that such levies would be limited to 15%.  That oddity may have happened because defendant is "the strongest litigant in the world." *Lenske v. United States*, 383 F.2d 20, 22 (9th Cir. 1967).  The government could push the issue of perpetual levies on 100% of monthly social security benefits nationwide until it found a district court judge who was willing  to agree with its position.

9

Eventually, precedent would accumulate until the government could make the argument, as here, that judges should have no say in the matter of government seizures of property.

The tension between perpetual levies and the statute of limitations under §7433(d) need not be solved in this case. The statute of limitations should run from April 12th after the right of action accrued. Mr. Holland asks the Court to allow the amendment of his complaint to take advantage of the government's promise and to deny the government's motion to dismiss.

Dated: December 10, 2018                       Respectfully Submitted,

                                               /s/  Neal Nusholtz
                                               NEAL NUSHOLTZ
                                               2855 Coolidge Hwy. Ste. 103
                                               Troy, Michigan 48084
                                               Ph. 248-646-0123
                                               Nusholtz@nnlaw.net

### Certificate of Service

I hereby certify that on December 10, 2018, I electronically filed the foregoing document with the Clerk of the Court  using the ECF system and that I served it via the ECF system on Defendant's counsel.                       Respectfully Submitted,

                                               /s/  Neal Nusholtz
                                               NEAL NUSHOLTZ
                                               2855 Coolidge Hwy. Ste. 103
                                               Troy, Michigan 48084
                                               Ph. 248-646-0123
                                               Nusholtz@nnlaw.net