IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EDWARD J. HOLLAND, JR.,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>  Defendant.  )<br>_____) | Case No. 2:17-cv-13926-MOB-MKM |

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF EDWARD J. HOLLAND, JR.'S MOTION TO SUPPLEMENT**

For the reasons stated in the attached brief, the defendant United States of America opposes plaintiff Edward J. Holland, Jr.'s, "Motion and Brief to Supplement His Response to Government's Motion to Dismiss with the Attached Exhibit" (Doc. No. 19).

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Tel: 202-307-6064 / Fax: 202-514-5238
Email: Edward.J.Murphy@usdoj.gov

1

BRIEF

Plaintiff's motion cites "Local Rule 7(g)(1)" as its basis, presumably in what is meant to be a reference to Local Rule 7.1(g)(1). Rule 7.1(g) is titled "Additional Time to File Supporting Documents and Brief" and subsection (1) of that rule allows supplementation when it is "necessary." The supplementation proposed by the plaintiff here is not "necessary." He wants to add to the record an IRS levy notice directed to a different taxpayer in which the IRS warns this other unnamed taxpayer of a possible levy against up to 15% of social security benefits. The United States has never denied that 15% social security levies do, in fact, exist. Rather, the government's position in this case is that the social security levy against Mr. Holland simply is not subject to this 15% limitation. The fact that the IRS issued a notice of intent to levy to another taxpayer that is subject to a 15% limitation is irrelevant to Mr. Holland's case.

Plaintiff apparently believes that the fact that the IRS has voluntarily limited itself to taking 15% of someone else's social security benefits means that the IRS is legally required to limit itself to taking only up to 15% of his social security benefits too. His legal reasoning is fundamentally flawed because the levy against him is not a continuous levy that was issued pursuant to 26 U.S.C. § 6331(h) and thus is not subject to the 15% cap. Multiple courts that have previously addressed this issue have recognized that social security levies that are made under § 6331(h) are subject to the 15% limitation while social security levies that are made under 26 U.S.C. § 6331(a) are not; the mere fact that the IRS may choose to make a 15% social security levy under § 6331(h) does not mean that all social security levies must be so limited.

Holland implies that, if the IRS is free to choose between § 6331(a) and § 6331(h) for social security levies, then it would never choose § 6331(h) and limit itself to receiving 15% of the taxpayer's monthly benefit amount.  That is not so because a levy made under § 6331(a) is subject to the minimum income exemptions in § 6334, whereas a levy made under § 6331(h) is

not. *See* § 6331(h) ("Notwithstanding section 6334…"); *see also United States v. Marsh*, 89 F. Supp. 2d 1171, 1178 (D. Haw. 2000) (explaining that "[t]he effect of section 6331(h)," enacted in 1997, "was to subject to continuous levy funds that previously, under section 6334, had been exempt from levy."); *see also Hines v. United States*, 658 F. Supp. 2d 139, 145 (D.D.C. 2009) ("the IRS can levy one hundred percent of an individual taxpayer's income for the year *in excess of the standard deduction and personal exemptions*." (citing 26 U.S.C. § 6334(a)(9), (d) (emphasis added)).[1] Regardless of any such rationale, several courts that have analyzed the statute have concluded that it leaves this choice up to the IRS's discretion.

In *Hines,* the court explained the relationship between subsections (a) and (h) of § 6331 in rejecting a claim that sought to cap a social security levy at 15%—an identical claim to Holland's in this case. The court found that "[t]he levy appropriately could have been issued under Section 6331(a), and therefore was not limited by the fifteen percent cap." *Id*. at 146. It noted that, "the permissive language of the statute gives the Secretary [of Treasury] discretion to approve levies under Section 6331(h) rather than under Section 6331(a), but Section 6331(h) does not require the Secretary to attach a continuous levy even where the type of property might be eligible for one." *Id*. at 146-47.

Similarly, in *Bowers v. United States*, 861 F. Supp. 2d 921 (C.D. Ill. 2012), *aff'd* 498 F. App'x 623 (7th Cir.), the court addressed "the argument that any levy against income, such as social security payments, must be made pursuant to I.R.C. § 6331(h) and is therefore subject to the 15% cap." *Id*. at 923. "This argument lacks any basis in fact or law," according to the court, because "where a levy could be issued under both sections [6331(a) and (h)], the statute does not

---

[1] The enactment of § 6331(h) further subjected certain types of income that, unlike social security benefits, had not previously been subject to levy at all.

compel that the levy be issued under one section or the other." *Id*. The *Bowers* court further differentiated the two types of levies by observing that a levy under § 6331(a) is "initiated by a paper Form 668–W" whereas "the electronic processes under the Federal Payment Levy Program" are "the proper mechanism for a continuous levy" made under § 6331(h). *Id*.

      Plaintiff's position here is that cases like *Hines* and *Bowers* were wrongly decided. The United States disagrees with plaintiff's position and submits that this issue has already been fully briefed. Because supplementation is not "necessary" for the Court to be able to consider this issue, which has been present in this case from the start, plaintiff's motion should be denied.

      Respectfully submitted,

      RICHARD E. ZUCKERMAN
      Principal Deputy Assistant Attorney General

      /s/ Edward J. Murphy
      EDWARD J. MURPHY
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 55
      Washington, D.C.  20044
      Tel: 202-307-6064 / Fax: 202-514-5238
      Email: Edward.J.Murphy@usdoj.gov

Certificate of Service

I hereby certify that I electronically filed the foregoing document on February 25, 2019, and that I served it via the ECF system upon plaintiff's counsel.

/s/ Edward J. Murphy  
EDWARD J. MURPHY  
Trial Attorney, Tax Division  
U.S. Department of Justice