# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD J. HOLLAND, JR.,

      Plaintiff,

                                   Case No. 17-13926

v.

                                   Hon. Marianne O. Battani

UNITED STATES OF AMERICA,

      Defendant.

_____/

## OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT

## I.   INTRODUCTION

In a prior suit commenced in this Court by the United States of America, it was determined that Edward J. Holland, Jr. ("Holland") had incurred nearly $20 million in federal income tax liability over several tax years spanning from 1991 to 2012.  *See United States v. Holland,* Case No. 13-10082, Dkt. 318-1, Stipulation for Agreed Judgment of Tax Liability.  In an effort to collect this tax liability, the Internal Revenue Service ("IRS") issued a levy to the Social Security Administration ("SSA") in 2012, and since that time, the IRS has received one hundred percent of Holland's monthly social security benefits and applied these payments toward his tax debts.

Plaintiff Holland brought the present suit on December 6, 2017, seeking an order that would preclude the Defendant United States of America from taking more than 15 percent of his monthly social security benefits going forward.  In support of this requested relief, Holland characterizes the IRS's levy on his social security benefits as a

"continuing" levy that is subject to the 15-percent limit set forth in 26 U.S.C. §

6331(h)(1).  Defendant, in contrast, argues that the 2012 levy issued by the IRS to the

SSA is a one-time levy authorized under 26 U.S.C. § 6331(a) that is not subject to a 15-

percent limit.

Through a motion filed on February 6, 2018, Defendant seeks the dismissal of

this action as barred by the federal Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a).  The

AIA prohibits suits "for the purpose of restraining the assessment or collection of any

tax," 26 U.S.C. § 7421(a), subject to certain statutory and judicially recognized

exceptions, and Defendant contends that no such exception applies here.  In response,

Holland appeals to each of the two judicially recognized exceptions to the AIA, under

which a tax collection effort may be enjoined if (i) it is clear that the Government cannot

prevail on the merits of its tax collection effort, or (ii) Congress has not provided the

plaintiff an alternative avenue for challenging the validity of a tax.

On April 12, 2018, the Court heard oral argument on Defendant's motion to

dismiss.  At the conclusion of this hearing, counsel for the parties requested that the

Court hold its ruling in abeyance while the parties sought to resolve this and related

litigation, but there is no indication that these settlement efforts have succeeded.

Rather, in a motion filed on November 21, 2018, Holland seeks leave to amend his

complaint in order to address certain of the challenges raised in Defendant's motion.[1]

_____

[1]More recently, Holland has filed a February 11, 2019 motion for leave to
supplement his response to Defendant's motion to dismiss.  Specifically, he wishes to
submit an exhibit in support of the merits of his claim that the IRS may not lawfully
collect more than 15 percent of his monthly social security benefits.  As discussed
below, however, the Court finds it unnecessary to address this claim on the merits, so
Holland's proposed exhibit has no bearing on the outcome of Defendant's motion.

The Court now is prepared to rule on the parties' motions. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for leave to amend his complaint.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Although Plaintiff Edward J. Holland, Jr. ("Holland") has a lengthy history of alleged failures to meet his federal tax obligations, the pertinent facts bearing upon the present motions are straightforward and largely undisputed. As both parties agree — and, in fact, have stipulated in a related case pending before this Court — Holland owes nearly $20 million in federal tax liabilities, and he states in his complaint that he is not presently seeking "a refund of taxes collected or . . . damages for taxes erroneously collected." (Dkt. 1, Mandamus Petition at ¶ 1.)[2] Instead, he seeks to enjoin the Defendant United States of America from continuing to employ one particular means of collecting his outstanding tax liabilities — namely, through a levy of one hundred percent of Holland's monthly social security benefits.

According to Holland's complaint, this challenged collection effort began in 2012, when the Internal Revenue Service ("IRS") issued a levy to the Social Security Administration ("SSA") calling for the full amount of Holland's monthly social security benefits to be applied toward his federal tax liabilities. Holland alleges that this levy has caused an economic hardship and left him "penniless," given that he is 78 years old and his social security benefits are his only source of income. (*Id.* at ¶ 2(a).) Nonetheless,

_____

[2]As discussed below, Holland seeks to pursue a claim for damages in his proposed amended complaint, but no such claim is asserted in his initial complaint.

Defendant has declined to release the levy on Holland's social security benefits, nor has it offered Holland a payment plan that would allow him to retain a portion of these benefits.

Accordingly, Holland brought this action — styled as a petition for a writ of mandamus — on December 6, 2017, seeking to limit Defendant's collection effort to no more than 15 percent of his monthly social security benefits. In support of this proposed 15-percent limit, Holland points to a provision in the Internal Revenue Code that authorizes "[c]ontinuing lev[ies]" on certain "specified payments" of "up to 15 percent" of the payment. 26 U.S.C. § 6331(h)(1). Through its present motion, however, Defendant argues that this case must be dismissed as an attempt to enjoin the collection of taxes in violation of the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a).

In the wake of an April 12, 2018 hearing on Defendant's motion to dismiss, Holland has sought to amend his complaint in order to address two alleged deficiencies that Defendant identified in its motion. First, Holland proposes to name the Acting Commissioner of Social Security as an additional defendant in this action, in light of Defendant's contention that the mandamus relief sought in Holland's initial complaint is available only against federal officers, and not the United States itself. Next, to the extent that Defendant argues that Holland's initial complaint is subject to dismissal due to the availability of an alternative remedy — namely, a claim for damages under 26 U.S.C. § 7433(a) — that precludes mandamus relief and defeats a possible exception to the AIA, Holland requests leave to assert such a claim in his amended complaint.

III.    **STANDARD OF REVIEW**

A.      **Defendant's Motion to Dismiss**

Through its present motion, Defendant seeks the dismissal of this action under either Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6).  In support of its appeal to Rule 12(b)(1), Defendant points to language in Supreme Court and Sixth Circuit decisions indicating that the AIA erects a jurisdictional bar to actions to enjoin the collection of taxes.  *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 5, 82 S. Ct. 1125, 1128 (1962) (explaining that the AIA operates to "withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes"); *RYO Machine, LLC v. United States Department of Treasury,* 696 F.3d 467, 470 (6th Cir. 2012) (characterizing the AIA as depriving the courts of "jurisdiction over a suit to preemptively challenge a tax").  On the other hand, the Sixth Circuit has more recently recognized a "growing debate" as to whether the prohibition set forth in the AIA is truly jurisdictional in nature, or whether a challenge based on this statute instead should be raised in a Rule 12(b)(6) motion.  *Morris v. United States,* No. 12-4532, 540 F. App'x 477, 479-80 (6th Cir. Aug. 23, 2013).

In any event, Defendant correctly observes that regardless of the jurisdictional nature of the AIA's prohibition, the analysis of the present motion would be the same.  In addressing a motion brought under Fed. R. Civ. P. 12(b)(1) that mounts a facial challenge to the existence of subject matter jurisdiction, the Court "takes the allegations in the complaint as true," inquiring whether these allegations establish a basis for the exercise of subject matter jurisdiction.  *Gentek Building Products, Inc. v. Steel Peel*

*Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007).[3] Yet, "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice" to withstand a

properly supported Rule 12(b)(1) motion to dismiss. *O'Bryan v. Holy See,* 556 F.3d

361, 376 (6th Cir. 2009) (internal quotation marks and citation omitted).

Similarly, if Defendant's motion is treated as brought under Rule 12(b)(6),

the Court must construe the complaint in a light most favorable to Holland and accept all

well-pleaded factual allegations as true, *see League of United Latin American Citizens

v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and then must ask whether these facts

"state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550

U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). As the Supreme Court has emphasized,

however, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotation marks,

alteration, and citations omitted). Rather, to withstand a motion to dismiss, the

complaint's factual allegations, accepted as true, "must be enough to raise a right to

relief above the speculative level," and to "state a claim to relief that is plausible on its

---

[3]Defendant asserts, and Holland does not dispute, that it is pursuing a facial (as
opposed to a factual) challenge to the Court's subject matter jurisdiction. *See Gentek
Building Products,* 491 F.3d at 330 (distinguishing between these two forms of
jurisdictional attacks).

face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974.

**B.    Holland's Motion for Leave to Amend His Complaint**

In the second of the two pending motions in this case, Plaintiff Holland seeks

leave of the Court to amend his complaint.[4]   Under the Federal Rule governing this

motion, the Court is directed to "freely give leave when justice so requires."  Fed. R. Civ.

P. 15(a)(2).  Nonetheless, the Court "need not grant leave to amend . . . where

amendment would be futile."  *Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir.

2005) (internal quotation marks and citation omitted).  "Amendment of a complaint is

futile when the proposed amendment would not permit the complaint to survive a motion

to dismiss."  *Miller,* 408 F.3d at 817.

## IV.    ANALYSIS

**A.    Holland Has Not Established an Exception to the Anti-Injunction Act
That Would Permit Him to Pursue His Claim for Mandamus Relief.**

**1. Applicable Law**

In seeking the dismissal of Holland's claim for mandamus relief, Defendant

appeals principally to the federal Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a).  This

statute generally prohibits any "suit for the purpose of restraining the assessment or

collection of any tax," 26 U.S.C. § 7421(a), subject to certain specified exceptions.  The

Supreme Court has explained that "[t]he manifest purpose of § 7421(a) is to permit the

United States to assess and collect taxes alleged to be due without judicial intervention,

---

[4]Holland initially filed an amended complaint without seeking leave to do so.  He now concedes, however, that the deadline for amending his complaint as a matter of course has passed, *see* Fed. R. Civ. P. 15(a)(1)(B), and that he instead must obtain leave of the Court to file this amended pleading.

and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs,* 370 U.S. at 7, 82 S. Ct. at 1129. Similarly, the Sixth Circuit has observed that "[t]he AIA has been interpreted broadly to encompass almost all premature interference with the assessment or collection of any federal tax." *RYO Machine,* 696 F.3d at 471.

Although the AIA itself specifies certain exceptions to its general rule, the parties agree that these statutory exceptions do not apply here. Instead, Holland seeks to invoke each of the two judicially recognized exceptions to the AIA's usual prohibition against suits to restrain the collection of taxes. First, in *Enochs,* 370 U.S. at 7, 82 S. Ct. at 1129, the Supreme Court held that "if it is clear that under no circumstances could the Government ultimately prevail" in its tax collection effort, "the central purpose of the [AIA] is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists." The Court explained that "the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of the suit," and that "[o]nly if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." *Enochs,* 370 U.S. at 7, 82 S. Ct. at 1129. More recently, the Court has described this exception to the AIA as available only when the challenged collection effort "is plainly without a legal basis," such that the plaintiff can show a "certainty of success on the merits." *Bob Jones University v. Simon,* 416 U.S. 725, 737, 745, 94 S. Ct. 2038, 2046, 2050 (1974); *see also RYO Machine,* 696 F.3d at 473 (holding that this exception was not applicable

because the challenged government ruling rested on an "interpretation of the [Internal Revenue] Code [that] is plausible on its face"); *Tatar v. Mayer,* No. 12-14814, 2013 WL 4777143, at *2 (E.D. Mich. Aug. 6, 2013) (finding that the plaintiff could not invoke this exception where "the United States has offered a viable basis for the challenged conduct").

Next, the Supreme Court has found that "Congress did not intend the [AIA] to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *South Carolina v. Regan,* 465 U.S. 367, 378, 104 S. Ct. 1107, 1114 (1984) (footnote omitted). The Sixth Circuit has emphasized that "this exception is very narrow," *RYO Machine,* 696 F.3d at 472, and has suggested in one case that it applies only "where Congress has provided no alternative method of challenging the constitutionality of a federal tax," *Dominion National Bank v. Olsen,* 771 F.2d 108, 116 (6th Cir. 1985). Similarly, another court has reasoned that this exception should be construed "very narrowly," in light of the "sympathetic, almost unique, facts" addressed by the Supreme Court in *Regan. Judicial Watch, Inc. v. Rossotti,* 317 F.3d 401, 408 n.3 (4th Cir. 2003). Moreover, the Supreme Court has explained that "[a] taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it," *Alexander v. Americans United Inc.,* 416 U.S. 752, 762 n.13, 94 S. Ct. 2053, 2059 n.13 (1974), and the court in *Judicial Watch* likewise has observed that "the basis of the *Regan* exception is *not* whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff has any access at all to judicial review," *Judicial Watch,* 317 F.3d at 408.

## 2. The Availability of the *Enochs* Exception

Returning to the present case, Defendant maintains that the AIA, by its plain language, operates to bar this suit, and that Holland cannot establish any exception to the statute that would allow this action to go forward. Before addressing this question, the Court notes that the parties agree on two threshold issues. First, Holland evidently does not challenge Defendant's assertion that he brought this action "for the purpose of restraining the assessment or collection of any tax" within the meaning of the AIA, notwithstanding Holland's election to caption his initial pleading as a petition for mandamus relief. *See Dickens v. United States,* 671 F.2d 969, 972 (6th Cir. 1982) (affirming the district court's dismissal of an action as barred by the AIA, despite the plaintiffs' "characteriz[ation] [of] their suit as a mandamus action" and their "request for a declaratory judgment"). Next, Holland does not seek to invoke any of the exceptions set forth in the text of the AIA itself, but instead relies solely on the two judicially recognized exceptions to this statute.

As already explained, the Supreme Court recognized the first of these two exceptions in *Enochs,* 370 U.S. at 7, 82 S. Ct. at 1129, holding that the AIA does not bar a suit to enjoin the collection or assessment of federal taxes "if it is clear that under no circumstances could the Government ultimately prevail," and "if equity jurisdiction otherwise exists" over the suit. Again, this exception is available only where the challenged collection effort "is plainly without a legal basis," such that the plaintiff can show a "certainty of success on the merits." *Bob Jones University,* 416 U.S. at 737, 745, 94 S. Ct. at 2046, 2050. In addition, Holland must establish that "equity jurisdiction

otherwise exists" over this suit, *Enochs,* 370 U.S. at 7, 82 S. Ct. at 1129 — that is, that

he "has no adequate remedy at law," *Dickens,* 671 F.2d at 971, and thus faces

"irreparable harm" in the absence of injunctive relief, *Dominion National Bank,* 771 F.2d

at 116.

In debating the strength of their respective positions on the merits, the parties

focus upon the distinction in the Internal Revenue Code between one-time and

continuing levies on a taxpayer's property or rights to property. As one court has

explained in a case where, as here, the IRS issued a levy on the plaintiff's monthly

social security benefits:

> A levy is an administrative order from the IRS seizing property belonging to a taxpayer in payment of an outstanding tax liability. [26 U.S.C.] § 6331(a). Individual income, including social security benefits, is partially exempt from levy under [26 U.S.C.] § 6334 in an amount equal to the sum of the taxpayer's standard deduction and personal exemptions . . . .
>
> An IRS levy is generally a one-time occurrence rather than a continuing event, seizing property in existence at the time the levy is served. [26 U.S.C.] §§ 6331(a) and (b). However, a one-time levy may seize a future stream of payments if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services. Alternatively, where these requirements may not be satisfied, a levy on salary or wages payable to or received by a taxpayer can also be continuous from the date the levy is first made until the levy is released pursuant to [26 U.S.C.] § 6331(e). Further provisions establish that this type of continuing levy on specified payments (which can also include the social security payments at issue here) is subject to a 15% cap. [26 U.S.C.] §§ 6331(h)(1) and (2).

*Bowers v. United States,* 860 F. Supp.2d 921, 922-23 (C.D. Ill.) (citations omitted), *aff'd,*

498 F. App'x 623 (7th Cir. Dec. 20, 2012); *see also Hines v. United States,* 658 F.

Supp.2d 139, 145-46 (D.D.C. 2009) (distinguishing between one-time levies under 26

U.S.C. § 6331(a) and continuing levies under §§ 6331(e) and (h), with the latter "attach[ing] to new property rights as they arise but . . . limited to fifteen percent of any specified payment"). In Defendant's view, when the IRS issued a levy to the SSA in 2012 in an effort to collect Holland's tax liabilities, it did so under § 6331(a), and this one-time levy arising from Holland's purportedly fixed and determinable right to social security payments for as long as he lives is not subject to the 15-percent cap set forth in § 6331(h)(1). Holland, in contrast, contends that he has no vested right to future social security payments, and that his social security benefits instead are properly characterized as "a series of distinct separate payments, each of which is contingent upon the recipient surviving the preceding month." (Dkt. 10, Plaintiff's Response Br. at 14.) It follows, according to Holland, that a one-time levy cannot attach to social security payments beyond the month in which the levy is issued, and that the IRS must therefore proceed via continuing levies that are subject to § 6331(h)'s 15-percent cap.

As Defendant correctly observes, the pertinent case law overwhelmingly favors its position over Holland's. In *Hines,* 658 F. Supp.2d at 141, 145, for instance, the plaintiff brought suit against the United States "on the ground that levies attached by the Internal Revenue Service to his retirement benefits and other property were unlawful," and he argued more specifically that "the levy on his social security retirement benefits was illegal because it violated the fifteen percent cap on 'continuous' levies imposed by 26 U.S.C. § 6331(h)." The court recognized that the plaintiff's social security payments could have been reached through continuing levies that would be subject to the 15-percent limit, but it found that the one-time levy issued by the IRS was not subject to this

cap:

> The United States argues that because the IRS levied plaintiff's Social Security benefit payments, to which plaintiff had *an existing right* at the time the levy attached, the levy was appropriate under Section 6331(a), irrespective of the limitations of Section 6331(h). Plaintiff's right to receive periodic payments for his Social Security retirement benefits was a vested interest. The amount of benefits are calculable — they are based on earnings averaged over plaintiff's lifetime and determinable based upon a complex formula. The Social Security Administration's ongoing payment of a specific amount of retirement benefits to plaintiff every month therefore was an "obligation[] existing at the time" the levies attached under 26 U.S.C. § 6331(b). The levy appropriately could have been issued under Section 6331(a), and therefore was not limited by the fifteen percent cap.

> As the United States points out, the permissive language of the statute gives the Secretary discretion to approve levies under Section 6331(h) rather than under Section 6331(a), but Section 6331(h) does not *require* the Secretary to attach a continuous levy even where the type of property might be eligible for one. There is no evidence that the levies imposed on plaintiff's social security retirement benefits were issued under Section 6331(h) rather than under Section 6331(a), and no construction of the statutes that requires that they have been. The United States has shown that the levies were not continuous levies, because the Social Security Administration was already obligated to make the periodic payments . . . . The levies were not unlawful.

*Hines,* 658 F. Supp.2d at 146-47 (citations omitted) (emphasis in original).

*Hines* is not alone in this conclusion. In *Bowers,* the court likewise determined that the plaintiff's "social security payments represent a present, vested right to receive such benefits in fixed monthly payments for the rest of his life" and that "[t]he amount of [these] benefits are calculable," and it therefore held that the IRS could seize the plaintiff's "entire stream of [social security] payments [through] a one-time levy pursuant to §§ 6331(a)-(b)." 861 F. Supp.2d at 923 (internal quotation marks and citations omitted). And other courts have similarly reasoned that "there is no statutory prohibition

13

preventing the IRS from levying in excess of 15% of an individual's social security benefit payments." *Enax v. Commissioner of Internal Revenue,* No. 10-2652, 2011 WL 8150645, at *1 (M.D. Fla. Jan. 14, 2011);[5] *see also Clift v. United States Internal Revenue Service,* No. 16-5116, 2017 WL 517123, at *2 (W.D. Wash. Feb. 8, 2017); *Beam v. United States Government,* No. 07-6035, 2007 WL 1674083, at *1 (D. Or. June 6, 2007).

Holland has identified only one decision to the contrary. In *Anderson v. Internal Revenue Service (In re Anderson),* 250 B.R. 707, 709-11 (Bankr. D. Mont. 2000), the IRS filed federal tax liens against a debtor's property and issued a levy on his social security benefits before he filed for bankruptcy protection, and the court held that the social security payments made to the debtor following his bankruptcy discharge remained subject to the tax liens. The bankruptcy court further determined, however, that "any future levies by the IRS on [the debtor's] social security benefits should be limited to the 15 percent limitation contained in § 633[1](h)." *Anderson,* 250 B.R. at 710. In support of this conclusion, the court cited a passage from the legislative history of the Taxpayer Relief Act of 1997 — the enactment through which § 6331(h) and its 15-percent cap were added to the Internal Revenue Code — stating that "Social Security payments, which are subject to levy under present law, would become subject to continuous levy," and that "this levy would attach up to 15 percent of any specified payment due the taxpayer." *Anderson,* 250 B.R. at 710 (quoting Conference Report on

---

[5]The Eleventh Circuit vacated the district court's ruling in *Enax,* on the ground that the lower court should have dismissed the case for lack of subject matter jurisdiction rather than addressing the plaintiff's complaint on the merits. *See Enax v. Commissioner of IRS,* No. 11-11007, 476 F. App'x 857, 860 (11th Cir. May 24, 2012).

H.R. 2014, Taxpayer Relief Act of 1997, 143 Cong. Rec. H6409-01, 1997 WL 428059, at *468 (daily ed. July 30, 1997)); *but see Enax,* 2011 WL 8150645, at *1 n.3 (faulting the court in *Anderson* for "providing only a limited rationale for its decision based on a single, unexplained quote within the legislative history").

More generally, Holland challenges the notion that future payments of social security benefits can be reached via one-time levies issued under § 6331(a). As he observes, such a one-time levy may "extend only to property possessed and obligations existing at the time" it is issued, 26 U.S.C. § 6331(b), and the pertinent Treasury Regulation provides that "[o]bligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred until a later date," 26 C.F.R. § 301.6331-1(a)(1). In Holland's view, future social security payments are not "fixed and determinable" within the meaning of this regulation because each such payment is "distinct" and "contingent upon the recipient surviving" the month preceding the payment. (Plaintiff's Response Br. at 14.) He recognizes, however, that some courts have held to the contrary. *See Bowers,* 861 F. Supp.2d at 923 (holding that the plaintiff's "social security payments represent a present, vested right to receive such benefits in fixed monthly payments for the rest of his life"); *Hines,* 658 F. Supp.2d at 146 (finding that the plaintiff's social security payments were properly subject to a one-time levy under § 6331(a), where his "right to receive periodic payments for his Social Security retirement benefits was a vested interest," and where "[t]he amount of benefits are calculable"); *O'Donnell v. United States,* No. 13-1238, 2014 WL 5350448, at *3 (S.D. Ill. Oct. 21, 2014) (explaining that "a levy may seize a future stream of

payments to which the taxpayer has an unqualified fixed right," and concluding that there was "nothing wrong with" the IRS's levy on the plaintiff's "right to receive future social security or pension payments"), *aff'd,* 611 F. App'x 879 (7th Cir. May 26, 2015); *see generally Wessel v. United States (In re Wessel),* 161 B.R. 155, 159 (Bankr. D.S.C. 1993) (rejecting the notion that "staying alive is . . . a condition precedent" to the debtor's acquisition of a property right in an annuity, and instead concluding that "death terminates this previously created property right in the annuity").

As Defendant observes, it is not necessary for the Court to choose a side in this debate. Rather, as the Supreme Court has emphasized, the AIA exception recognized in *Enochs* is unavailable if the parties' respective positions "are sufficiently debatable to foreclose any notion that under no circumstances could the Government ultimately prevail." *Bob Jones University,* 416 U.S. at 749, 94 S. Ct. at 2052 (internal quotation marks and citations omitted). Accordingly, just as the Seventh Circuit concluded in *Bowers,* 498 F. App'x at 627, Holland cannot establish that his success here is "certain" and that the Government cannot hope to prevail, in light of the several other district courts that have "already ruled that the 15% cap of § 6331(h) does not diminish the IRS's power to levy 100% of assets under § 6331(a)." The very fact that courts disagree on the applicability of § 6331(h)'s 15-percent limit to levies on social security benefits — with, as noted, a substantial majority of courts concluding that such levies are not subject to the cap — precludes Holland from demonstrating a certainty of success on the merits of his challenge to the IRS's levy on the full amount of his social security benefits.

Even if Holland could show that he was certain to prevail on this claim, he would have to establish in addition that he "has no adequate remedy at law," *Dickens,* 671 F.2d at 971, and thus would suffer "irreparable harm" in the absence of injunctive relief, *Dominion National Bank,* 771 F.2d at 116.  In Defendant's view, Holland cannot make this showing because his alleged injury — the deprivation of his social security benefits — is redressable through money damages, and hence is not irreparable.  *See Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992) ("[A] plaintiff's harm is not irreparable if it is fully compensable by money damages.").

Indeed, Defendant points out that the Internal Revenue Code expressly authorizes the filing of a "civil action for damages" to challenge an allegedly unlawful collection effort.  26 U.S.C. § 7433(a).[6]  Although Defendant opines that any such suit for damages arising from the 2012 levy on Holland's social security benefits might well be time-barred, and might also be vulnerable to challenge on other grounds such as lack of administrative exhaustion, the Supreme Court has emphasized that "[a] taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it."  *Alexander,* 416 U.S. at 762 n.13, 94 S. Ct. at 2059 n.13.  Moreover, to the extent that Holland suggests that a suit for damages would be futile because any money judgment he obtained "would be seized" to offset his sizable tax debts, (Plaintiff's Response Br. at 4), Defendant acknowledges in response that this is "probably true," but it reasons that Holland's success in such a suit undoubtedly would cause the IRS to "stop[] levying more than 15% of his social security, making a formal injunction

---

[6]As noted earlier, Holland seeks to assert a claim under § 7433(a) in his proposed amended complaint.  This matter is addressed in greater detail below.

unnecessary," (Dkt. 11, Defendant's Reply Br. at 5).

In light of this adequate remedy at law — regardless of whether it might be available under the particular circumstances presented here — Holland has not shown that he will suffer irreparable harm in the absence of injunctive relief. Because he likewise has failed to establish a "certainty of success on the merits" of his claim for mandamus relief, *Bob Jones University,* 416 U.S. at 737, 94 S. Ct. at 2046, the AIA exception recognized in *Enoch* is not available here.

### 3. The Availability of the *Regan* Exception

The second of the judicially recognized exceptions to the AIA was articulated by the Supreme Court in *South Carolina v. Regan,* 465 U.S. 367, 104 S. Ct. 1107 (1984). Specifically, the Court held in that case that "Congress did not intend the [AIA] to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *Regan,* 465 U.S. at 378, 104 S. Ct. at 1114 (footnote omitted). As noted earlier, one court has observed that "the basis of the *Regan* exception is *not* whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff has any access at all to judicial review." *Judicial Watch,* 317 F.3d at 408 (emphasis in original).

For largely the same reasons already discussed, Holland cannot invoke this exception here. As observed earlier, Congress has provided an avenue through which Holland may challenge the allegedly unlawful levy on one hundred percent of his social security benefits — namely, an action for damages under 26 U.S.C. § 7433(a). Indeed, the plaintiff in *Hines, supra,* invoked precisely this mechanism for challenging the IRS's

allegedly unauthorized levy of more than 15 percent of his social security benefits, and by doing so, he avoided the potential bar of the AIA and secured a ruling (albeit unfavorable) on the merits. *See Hines,* 658 F. Supp.2d at 143, 145-47. This same avenue is available to Holland to seek judicial review of the allegedly unlawful seizure of the entirety of his social security benefits — as he evidently recognizes, having requested leave to amend his complaint in order to assert a claim under § 7433(a).

To be sure, Holland questions the adequacy of this remedy, given that he "owes the government $19 million" and any money judgment he obtains would likely be seized by the Government to offset his tax obligations. (Plaintiff's Response Br. at 4.) As already explained, however, the *Regan* exception applies only where the aggrieved party has no "alternative legal avenue by which to contest the legality of a particular tax." *Regan,* 465 U.S. at 373, 104 S. Ct. at 1111. Accordingly, so long as Congress has granted access to judicial review, it does not matter whether Holland also "has access to a legal remedy for the precise harm that [he] has allegedly suffered." *Judicial Watch,* 317 F.3d at 408. In addition, Defendant notes that a ruling in Holland's favor as to the legality of the IRS's levy would likely lead this agency to abandon a collection effort that had been deemed unlawful, and to instead limit its levy going forward to 15 percent of Holland's social security benefits.

Consequently, because Congress has provided an alternative remedy in the form of a suit for damages, Holland cannot invoke the *Regan* exception to the AIA. Moreover, to the extent that the adequacy of this alternative remedy is a relevant consideration, Holland cannot show that a suit for damages is so patently inadequate as

a means of securing judicial review as to be tantamount to no remedy at all.  It follows that Holland's claim for mandamus relief is barred by the AIA, where he has not shown that any statutory or judicially recognized exception to the Act is applicable here.

**B.      Holland's Proposed Amendments to His Complaint Would Be Futile.**

In his initial complaint, Holland sought only mandamus relief — specifically, an order prohibiting Defendant from levying on more than 15 percent of his monthly social security benefits.  In light of the Court's determination that this claim for mandamus relief runs afoul of the AIA, this suit is subject to dismissal unless Holland is able to identify an alternative, viable theory of recovery that does not implicate the AIA. Through his recent motion, Holland contends that he has identified such a theory of recovery — namely, a claim for damages under 26 U.S.C. § 7433(a) — and he seeks leave of the Court to file an amended complaint in which he asserts such a claim, and also names the Acting Commissioner of Social Security as an additional defendant.  In response, Defendant argues that Holland's proposed amendments to his complaint would be futile, where the resulting amended pleading would be unable to withstand dismissal under Rule 12(b)(6).  As discussed below, the Court agrees.

As observed earlier, although leave to amend a complaint should be "freely" granted, Fed. R. Civ. P. 15(a)(2), the Court "need not grant leave to amend . . . where amendment would be futile." *Miller,* 408 F.3d at 817 (internal quotation marks and citation omitted).  In this case, one of the two amendments sought by Holland is readily characterized as futile.  Specifically, as support for his request to name the Acting Commissioner of Social Security as an additional defendant, Holland points to

Defendant's argument in its motion to dismiss that mandamus relief cannot be awarded against the United States, but only against a federal officer or employee. *See* 28 U.S.C. § 1361 (authorizing an "action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Although naming an individual federal officer as a defendant might cure this apparent deficiency in Holland's initial complaint, it would do nothing to address, much less overcome, the separate and independent ground for dismissal of Holland's claim for mandamus relief — namely, that this claim runs afoul of the AIA.

This leaves only Holland's request for leave to assert a claim for damages under 26 U.S.C. § 7433(a). As noted earlier, Defendant cited the availability of a damages remedy under § 7433(a) as foreclosing Holland's appeals to either of the judicially recognized exceptions to the AIA, but it questioned whether Holland could prevail on such a claim, in light of his apparent failure to exhaust his administrative remedies or bring this claim within the applicable two-year period of limitation. Although Holland evidently has cured the first of these alleged deficiencies by submitting an administrative claim to the IRS, Defendant continues to maintain that any claim Holland might pursue under § 7433(a) would be time-barred. It follows, in Defendant's view, that Holland's proposed amendment of his complaint to assert a § 7433(a) claim for damages should be denied as futile.

As noted, a claim for damages under § 7433(a) "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). Under the relevant agency regulation, a right of action "accrues when the taxpayer has had a

reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). One court has observed that "[t]he language in the regulation — a 'reasonable opportunity' — sets a relatively low bar," and that this provision "bars a suit a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts." *Keohane v. United States,* 669 F.3d 325, 329 (D.C. Cir. 2012) (internal quotation marks and citation omitted); *see also Kovacs v. United States,* 614 F.3d 666, 674 (7th Cir. 2010) (explaining that the "statute of limitations begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed" (internal quotation marks and citations omitted)). Moreover, "[i]t does not matter whether the plaintiff knows the injury is actionable — he need only know that he has been injured." *Kovacs,* 614 F.3d at 674 (internal quotation marks and citations omitted).

Applying this standard here, Defendant contends that the two-year period of limitation for Holland to bring a claim under § 7433(a) began to run in 2012, when the IRS issued a levy to the SSA and began receiving payments from the SSA in the amount of 100 percent of Holland's monthly social security benefits. Holland seemingly acknowledges that these events occurred in 2012. (*See, e.g.,* Dkt. 1, Mandamus Petition at ¶ 4 ("The continuous levy against Plaintiff appears to have been sent to the Social Security Administration in 2012."); Plaintiff's Response Br. at 10 (stating that as a "result of a single Notice of Levy sent in 2012," the SSA "is currently sending 100% of Mr. Holland's Social Security benefits to the Internal Revenue Service every month");

Dkt. 18, Plaintiff's Reply Br. at 4 (identifying 2012 as the year "when the government first started taking 100% of Holland's monthly social security benefits").)  Moreover, he does not allege, either in his initial or proposed amended complaint, that he lacked notice of the levy issued by the IRS to the SSA, or that he was unaware of the fact that 100 percent of his social security benefits have been diverted to the payment of his tax liabilities since 2012.

As Defendant points out, a number of courts have found that the two-year statute of limitations for a § 7433(a) suit begins to run when the plaintiff receives notice of the IRS levy giving rise to a claim under the statute.  *See, e.g., Keohane,* 669 F.3d at 329; *Kovacs,* 614 F.3d at 674; *Copeland v. United States,* No. 14-1152, 2014 WL 6775425, at *3-*4 (N.D. Ohio Dec. 2, 2014).  Alternatively, in cases where there is a question as to when or whether the plaintiff received notice of the levy, the courts have held that the statute of limitations begins to run when the plaintiff learns that the IRS has commenced collection efforts pursuant to the levy.  *See, e.g., Shipley v. Internal Revenue Service,* No. 05-3273, 2006 WL 497720, at *1 (10th Cir. March 2, 2006); *Voulgaris v. Internal Revenue Service,* No. 17-13129, 2018 WL 4220392, at *4 (E.D. Mich. Sept. 5, 2018); *Caudill v. United States,* No. 12-05065, 2012 WL 2688806, at *2 (W.D. Wash. June 15, 2012); *Bright v. United States,* 446 F. Supp.2d 339, 345 (E.D. Pa. 2006).  In this case, then, regardless of whether Holland had notice of the levy issued by the IRS to the SSA in 2012, the latter agency began that same year to withhold 100 percent of Holland's social security benefits pursuant to this levy, and Holland does not contend that he was unaware of this development.  It follows, in Defendant's view, that the two-year statute

of limitations for a § 7433(a) claim challenging the legality of this levy began to run in 2012, and that this limitation period had long since expired when Holland brought this suit in December of 2017.

Holland suggests two grounds for avoiding this result, but neither is persuasive. First, Holland contends that his right of action under § 7433(a) accrued only after he commenced this suit, because only then did he "discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Specifically, he submits that until recently, it would have been futile to pursue a claim under § 7433(a), because any eventual monetary recovery he might have obtained in such a suit would surely have been seized by the IRS as partial payment of his outstanding tax liabilities. This all changed, in Holland's view, when defense counsel stated at the April 12, 2018 hearing on Defendant's motion that Holland's success in a § 7433(a) action likely would lead the IRS to abandon its levies of 100 percent of Holland's monthly social security benefits, since a ruling in Holland's favor under § 7433(a) would necessarily entail a finding that this 100-percent levy was unlawful. Holland argues that this representation at oral argument should be deemed an "essential element" of a cause of action under § 7433(a), because absent defense counsel's assurance on this point, "a § 7433 action would not result in the cessation of the levies" that are causing him injury. (Plaintiff's Reply Br. at 5.)

This argument, however, rests upon a flawed understanding of the "essential elements" of a claim under § 7433(a). Holland does not deny that once the SSA began in 2012 to divert the entirety of his monthly social security payments to the IRS, he knew

24

all of the facts necessary to initiate a challenge under § 7433(a) to the legality of the levy that brought this about.  As the courts have explained, once Holland became aware of this injury, the statute of limitations began to run, regardless of whether he knew this injury was actionable.  *See Keohane,* 669 F.3d at 329 n.2; *Kovacs,* 614 F.3d at 674.  Similarly, Holland was "chargeable with knowledge of the law," *Dziura v. United States,* 168 F.3d 581, 583(1st Cir. 1999), and he was "presumed . . . to know the legal consequences of the facts [he] discover[ed]," *Bright,* 446 F. Supp.2d at 345 n.16, so it is immaterial whether Holland knew back in 2012 that a levy on social security benefits might be subject to a 15-percent limit, or whether he only became aware of this alleged statutory cap at some point thereafter.

Under these same principles, it makes no difference, for statute of limitations purposes, that Holland and his counsel only recently discerned a strategic benefit to be gained from a § 7433(a) suit, even if the IRS were to seize the entirety of any monetary judgment awarded in this action.  Notably, this benefit presumably was available all along, even if Holland and his counsel only became aware of it when defense counsel explicitly pointed it out at oral argument.  Regardless, when the entirety of Holland's social security benefits were diverted to the IRS beginning in 2012, he possessed all of the facts needed to bring a claim under § 7433(a), and this sufficed to commence the running of the two-year statute of limitations.  Any evolution in Holland's or his counsel's understanding of either the legal theories of recovery triggered by these 2012 developments or the strategic value of pursuing such a recovery does not affect the running of the limitation period.

Next, Holland appeals to a "continuing violation" theory as a means of extending the period of limitation for bringing suit under § 7433(a). Under the levy issued by the IRS to the SSA in 2012, each monthly social security payment that Holland would otherwise have received has instead been diverted toward the repayment of his federal tax liabilities. It follows, according to Holland, that each monthly payment withheld from him pursuant to the IRS levy should give rise to a separate claim under § 7433(a), where each such deprivation of social security benefits constitutes a separate injury and satisfies the damages element of a distinct claim. Thus, he reasons that he should at least be able to recover under § 7433(a) for each of the social security payments withheld from him in the past two years.

As Defendant notes in response, however, the case law on point undermines this claim of a continuing violation. In *Keohane,* 669 F.3d at 327, 329, for instance, plaintiff Paul Keohane (like Holland here) challenged an IRS levy of his monthly social security benefits as exceeding an alleged 15-percent statutory limit, and he sought to overcome a statute of limitations defense by "point[ing] to the continuing violation doctrine and claim[ing] that the statute of limitations didn't expire until two years after the IRS's last wrongful collection from his Social Security benefits." The court held that the doctrine did not operate to bring Keohane's § 7433(a) claim within the two-year period of limitation:

> We have said that a continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period, typically because it is only its cumulative impact (as in the case of a hostile work environment) that reveals its illegality. Under the continuing violation doctrine, the statute of

limitations begins to run only after the date of the last injury.

But the continuing violation doctrine does not help Keohane here. Under Keohane's theory, the IRS violated [26 U.S.C. §] 6331(h)(1) when it issued a single paper levy with the effect of automatically taking more than 15% of his Social Security benefits each month. Its "character" as an alleged violation would have been clear had Keohane inquired; no "cumulative effect" was necessary to reveal its supposed illegality. As other courts have noted in somewhat analogous cases on tax liens, once Keohane knew of the levy, nothing prevented him from recognizing the potential injury at that time, nor would later events provide any greater insight into his possible cause of action  The continuing violation doctrine does not apply here.

*Keohane,* 669 F.3d at 329-30 (internal quotation marks and citations omitted); *see also*

*Dziura,* 168 F.3d at 583 (explaining that the continuing violation doctrine "is generally

thought to be inapposite when an injury is definite, readily discoverable, and accessible

in the sense that nothing impedes the injured party from seeking to redress it"); *Zinstein*

*v. United States,* No. 13-633, 2013 WL 5504418, at *4 (E.D. Va. Oct. 2, 2013)

(observing that "most courts have rejected the application of a continuing violation

theory in th[e] context" of tax levies), *aff'd,* 584 F. App'x 100 (4th Cir. Oct. 1, 2014).

Precisely the same can be said here. As a result of a single levy issued by the

IRS in 2012, each monthly payment of Holland's social security benefits over the past

several years has been withheld from him and credited toward the repayment of his tax

liabilities. The injuries inflicted by these diverted payments would have been evident to

Holland at the time, and did not hinge upon the cumulative effect of multiple withheld

payments or any other subsequent developments. As explained in *Keohane,* 669 F.3d

at 330, Holland did not gain any "greater insight into his possible cause of action" over

time as the SSA continued to divert his monthly benefit payments to the IRS pursuant to

the 2012 levy.  Rather, his injuries flowed from the one-time IRS levy issued in 2012, and the fact that this "singular act" brought about "continuing consequences" does not affect the running of the statute of limitations or trigger additional limitation periods within which to bring claims under § 7433(a).  *Gilbert v. City of Cambridge,* 932 F.2d 51, 58-59 (1st Cir. 1991); *see also Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 858 (6th Cir. 2003) (distinguishing between "a continuing violation and a continuing effect of a prior violation").

Holland's efforts to distinguish or evade this case law are unavailing.  Most notably, he challenges Defendant's reliance on cases that were brought only after the levies at issue had ended, arguing that these rulings are inapposite where, as here, a "levy is still ongoing at the time of suit."  (*See* Plaintiff's Reply Br. at 6-7.)  Yet, Holland fails to explain how the reasoning of the courts that have rejected appeals to the continuing violation doctrine turns in any way upon whether the government's collection efforts were ongoing or had ceased before the suit was filed.  In either event, the courts were addressing the very same issue presented here — namely, whether ongoing collection efforts that extend into the two-year period before a suit is filed trigger a plaintiff's opportunity to assert a § 7433(a) claim involving a levy issued outside this two-year period.  In each of the above-cited cases, the court answered this question in the negative, and Holland has not identified any case law to the contrary.

Holland next seeks to characterize the levy issued by the IRS in this case as "continuous" or "perpetual," such that it "create[s] a problem under the statute of limitations" and triggers the prospect that the levy might evade judicial review "even if [it

is] illegal." (Plaintiff's Reply Br. at 8.)  To the extent, however, that Holland is merely reiterating his argument that the statutory scheme governing IRS levies mandates that the agency must proceed via a series of continuing levies that are subject to a 15-percent cap, the Court explained earlier that the case law overwhelmingly holds to the contrary, and permits the IRS to proceed through one-time levies that reach future payments of social security benefits.

As for Holland's more general complaint that an unlawful levy might not be subject to judicial review, he plainly had a two-year window of opportunity to seek this review once the SSA began to withhold his social security benefits in 2012.  Although application of the continuing violation doctrine would extend this opportunity, the courts have uniformly declined this invitation to enlarge the time period for bringing a § 7433(a) claim based on the continuing effects of a one-time levy, and this Court finds no basis for staking out new ground on this issue.  Instead, the Court holds that Holland's request for leave to amend his complaint to assert a claim for damages under § 7433(a) must be denied as futile, where any such claim would be time-barred.

**V.     CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's February 6, 2018 motion to dismiss (Dkt. 8), and **DENIES** Plaintiff's November 21, 2018 motion for leave to file a first amended complaint (Dkt. 15).  In addition, the Court **DENIES** Plaintiff's February 11, 2019 motion to supplement his response to Defendant's motion to dismiss (Dkt. 19).

**IT IS SO ORDERED.**


Date: March 7, 2019                                              s/Marianne O. Battani
                                                                 MARIANNE O. BATTANI
                                                                 United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2019.


                                                                 s/ Kay Doaks
                                                                 Case Manager